## A. BALLINGER v. LIZZIE LANTIER.

1. ORDER OF ATTACHMENT; *When Bond must be Given, or Order void.* In all cases where an order of attachment is issued, except where the defendant is a nonresident of the state, or a foreign corporation, an attachment-bond must be given by the plaintiff. And where the defendant is not a nonresident of the state, nor a foreign corporation, and no such bond is given, the attachment should be dissolved on motion of the defendant.

2. RESIDENT OF STATE; *Removal from State; Nonresident.* A resident of the state of Kansas can become a nonresident only by leaving the state with the intention of becoming a nonresident; hence, where a person leaves his former home in this state and starts for another state, with the intention of becoming a nonresident of this state and a resident of said other state, he does not become a nonresident of this state until he gets outside of the state.

3. PLEADING; *Petition; Answer; When Reply necessary.* Where a plaintiff sets forth in his petition a cause of action for goods sold and delivered, and does not mention that any promissory note or notes were given for the price of the goods, and the defendant afterward sets forth in his answer that the goods were sold on credit, and that three promissory notes were given for the price thereof, and that neither of said notes is yet due; *held,* that this answer of the defendant sets forth new matter constituting a defense to the plaintiff's action, and that it requires a reply from the plaintiff to put it in issue.

### *Error from Greenwood District Court.*

LANTIER recovered a judgment against *Ballinger,* at the April Term 1874 of the district court, for $837, and costs, and *Ballinger* brings the record here for review. The pleadings, proceedings, and facts, are fully stated in the opinion.

*Ruggles & Sterry,* for plaintiff in error:

1. The court erred in overruling the motion of the plaintiff in error to dissolve the attachment. Under every ground of attachment stated in the affidavit upon which said order was issued, except one, viz., "that the defendant below was at the time of the commencement of the action a nonresident of this state," it was absolutely necessary that the plaintiff below should file a bond or undertaking before the issuance of the

order. Code, § 192; Laws of 1870, § 5, p. 172. No undertaking having been filed, and the defendant below having moved to dissolve said attachment on the ground that he was not a nonresident at the commencement of the action, and having denied under oath that he was such nonresident, said motion should have been sustained, unless upon the issue thus found the charge made is satisfactorily sustained by the evidence introduced on the hearing of this motion. 9 Ohio St. 397; 1 Cin. Sup. Ct. Rep. 154. The evidence discloses beyond a doubt that up to the 10th of November (the day before the affidavit for attachment was filed,) said defendant had been a resident of and doing business in Eureka in said state, and that he was still in the state at the time of the filing of this affidavit for the order of attachment and the issuing of said order. This evidence shows that Ballinger was then, as he had been, a resident of the state. Story's Confl. Laws, § 41; 1 Cin. Sup. Ct. R. 154; 10 Pick. 97; 4 Dutcher, 129.

2. Said district court erred in overruling the motion made by plaintiff in error for judgment on the pleadings. That this motion should have been granted, seems clearly manifest, from a mere inspection of the pleadings and issues before the court at the time the motion was made. The answer contained new matter showing a perfect defense, and no reply had been filed.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Lizzie Lantier, administratrix of the estate of H. Lantier deceased, for goods sold and delivered. An order of attachment was issued in the case at the commencement of the action. The final judgment of the court below was, that the plaintiff recover of the defendant for the goods sold and delivered, and that the goods attached be sold to satisfy such judgment. The defendant below now complains in this court.

On November 10th 1873, and previous thereto, the defendant was a resident of Eureka, Greenwood county. On the

night of that day he left Eureka, intending to become a non-resident of the state of Kansas, and a resident of the state of Iowa. On the next day the plaintiff commenced this action. She also at the same time obtained an order of attachment, which was served on the same day. The affidavit upon which the attachment was issued set forth as grounds therefor, the first, second, third, and eighth statutory grounds for attachment. (Code, § 190; Laws of 1870, pp. 171, 172.) The affidavit was sufficient. But no bond or undertaking in attachment was ever executed or filed. Afterward, the defendant moved the court to dissolve the attachment on various grounds, among which was, that "the defendant was *not* at the time said order of attachment was issued and served 'a nonresident of the state of Kansas,' as the plaintiff alleged in her affidavit, nor was any attachment bond ever filed in the case." On the hearing of the motion both of these grounds were shown to be true, and yet the court overruled the defendant's motion. The court probably believed, that, in law, the defendant was a nonresident. In this we think the court erred. In all cases of attachment, except where the defendant is a nonresident, or a foreign corporation, an attachment bond must be given by the plaintiff. (Code, § 192; Laws of 1870, p. 172, § 5.) And the defendant in this case was neither. It is true, he had determined to become a nonresident of the state; but still he was still in the state when the order of attachment was issued and served, and was therefore not a nonresident. A resident of the state can become a nonresident only by *leaving the state* with the intention of becoming a nonresident. In the present case the defendant had not left the state when the order of attachment was issued and served. In one more day he probably would have been out of the state, and therefore a nonresident. But that one day is as important as though it had been a year. The order of attachment should have been dissolved.

The petition of the plaintiff was not very formal, but still we think it stated facts sufficient to constitute a cause of action. It probably would have been better if the petition

had stated all the facts of the case, and left nothing for the defendant to do but deny generally. It stated that the plaintiff "sold to the said A. Ballinger a stock of drugs, oils, paints, lamps, stationery, and furniture pertaining to a drug store, for the sum of $800;" and "that the said sum of $800 has never been paid, nor any part thereof, but that the same yet remains due and unpaid." The petition did not mention, as the fact really was, that three promissory notes, not due when the action was commenced, were given for said $800. The answer of the defendant we think was also sufficient; and as it alleged some new matter constituting a defense to the plaintiff's petition, we think it needed a reply from the plaintiff. The first defense stated in the answer was merely a general denial, and put in issue the truth of the allegations of the plaintiff's petition. The second defense was but little more than a general denial. If however the defendant had, under this defense, shown upon the trial that any of the "drugs, oils, paints, lamps, stationery, and furniture pertaining to a drug store," were in fact, as he alleged, "spirituous, vinous, or intoxicating liquors," within the meaning of the dramshop act, (Gen. Stat. 399, et seq.,) then, as the plaintiff had filed no reply, it is possible that she could not have shown that she had a license to sell that kind of goods. But upon this question we express no opinion. The third and last defense stated in the answer, substantially admits the plaintiff's cause of action, except that it denies that the amount for which the goods were sold was due at the commencement of the action; and by such admission, and to that extent, it substantially overrules the first and second defenses. (*Butler v. Kaulback*, 8 Kas. 668, 671, et seq.) But, the defendant, after substantially admitting the plaintiff's cause of action, then set forth as new matter, in avoidance thereof, that a higher security was given, to-wit, that three promissory notes were given for the debt, describing the notes, and showing and alleging that neither of these notes was due when this action was commenced. Now we think this stated a good defense to the plaintiff's action, and as it was new matter it

needed a reply to put it in issue; and as no reply was ever filed, it must be taken as true. (Code, § 128.) Hence, the court below erred in trying the cause, making findings, and rendering judgment, over the objections of the defendant. According to the evidence, and the findings of the court below, the plaintiff had a good defense to the defendant's answer, and she ought to have set it up in a reply. Or probably it would have been better if she had set forth all the facts of the case in her original petition. It would seem from the evidence, and the findings of the court below, that said goods were sold to the defendant for $800, to be paid for in cash down, or in three equal promissory notes, with approved security, due in three, six, and nine months, respectively. The defendant elected to pay with the notes, and furnished them, and they were accepted by the plaintiff; but the name of the surety agreed upon by the parties was forged to the notes.

The judgment of the court below will have to be reversed, and cause remanded for further proceedings. We think that such proceedings may be had in the case that substantial justice may finally be done between the parties. It was evidently the strong desire of the trial court to do justice between the parties, that caused it to err in the above-named particulars. Judgment reversed.

All the Justices concurring.