VICTOR B. BUCK & CO. v. J. G. PANABAKER & CO.

1. ORDER OF ATTACHMENT, *Granted by Probate Judge, When.* Under the provisions of § 231 of the code as amended by § 1, ch. 122, Laws of 1883, a probate judge is not authorized to grant an order of attachment excepting upon some one of the grounds for an attachment enumerated in § 230 of the code.

2. ATTACHMENT, *When Properly Dissolved.* If a probate judge grant an order of attachment upon the ground that the defendant has fraudulently contracted the debt, or fraudulently incurred the liability or obligation for which suit is about to be or has been brought, the district judge of the proper county may properly discharge the attachment, as the statute does not authorize the probate judge to grant an attachment in such a case.

*Error from Osage District Court.*

ACTION brought by *Victor B. Buck & Co.* against *J. G. Panabaker & Co.*, to recover $896.95, with interest. The probate judge of Osage county granted the plaintiffs an order of attachment, which was levied on a certain stock of goods belonging to the defendants, who afterward made a motion before the district judge of that county, at chambers, to dissolve the attachment. This motion was heard and sustained, January 12, 1884. The plaintiffs bring this ruling here for review. The opinion states the facts.

*Hughbanks & Hendrix,* for plaintiffs in error.

*W. A. Madaris,* and *Wm. Thomson,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The object of this petition in error is to reverse an order of the judge of the district court, at chambers, dissolving an attachment. It appears from the record that on January 7, 1884, the plaintiffs commenced this action against the defendants on an account to recover $896.95 with interest, not due until February 20, 1884. At the same time they procured an order of attachment to be issued by the probate judge of Osage county, under § 1, ch. 122, Laws of 1883. On Jan-

uary 7, 1884, the order of attachment was levied on certain goods and chattels belonging to the defendants. Afterward the defendants made a motion before the district judge of Osage county, at chambers, to dissolve the attachment. This motion was heard January 12, 1884, and the judge directed the attachment to be set aside and discharged. The plaintiffs excepted to this ruling.

Section 230 of the code reads:

"Where a debtor has sold, conveyed or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts, or is about to make such sale or conveyance or disposition of his property, with such fraudulent intent, or is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering or delaying them in the collection of their debts, a creditor may bring an action on his claim before it is due, and have an attachment against the property of the debtor."

Section 231 of the code, as amended by chapter 122, Laws of 1883, reads:

"The attachment authorized by the last section may be granted by the court in which the action is brought, or by the judge thereof, or, in his absence from the county, by the probate judge of the county in which the action is brought; but before such action shall be brought, or such attachment shall be granted, the plaintiff, or his agent or attorney, shall make an oath in writing, showing the nature and amount of the plaintiff's claim, that it is just, when the same will become due, and the existence of some one of the grounds for an attachment enumerated in the preceding section."

From these provisions of the statute it is clear that a probate judge can only grant an order of attachment when the district judge is absent from his county, upon the grounds mentioned in said § 230. The affidavit for the attachment alleged that the defendants were about to assign, remove and dispose of their property, or a part thereof, with the intent to defraud, hinder and delay their creditors, and had assigned, removed and disposed of their property, or a part thereof,

with the intent to defraud, hinder and delay their creditors; also, that they fraudulently contracted the debt and fraudulently incurred the liability for which the action was brought.

It is argued very strenuously on the part of the plaintiffs that the evidence establishes that the defendants were guilty of fraud in obtaining the goods embraced in the account sued on, and therefore that the last ground set forth in the affidavit for attachment is true.   The statute does not authorize a probate judge to grant an attachment on the ground that a defendant has fraudulently contracted the debt or fraudulently . incurred the liability or obligation for which suit has been brought.   This is not one of the grounds mentioned in said § 230.

In this connection, it is also proper to say that the amended petition which was filed does not aid the plaintiffs.   If they brought their action on the claim before it was due, then they were only entitled to an order of attachment upon some one of the grounds enumerated in § 230.   If, however, the claim was due when the action was brought, then the order of attachment ought to have been made by the clerk of the court in which the action was instituted, and not by the probate judge. (Code, §§ 191, 192.)   In this case it appears that the probate judge granted and issued the order of attachment. There is nothing in the record to show that any order of attachment was ever issued by the clerk of the district court; and therefore, unless the evidence establishes the existence of some one of the grounds mentioned in said § 230, the district judge very properly dissolved the attachment.   The question upon these grounds was one of fact, and the testimony was partly oral and partly by affidavit.   The evidence was somewhat conflicting, but against the finding of the district judge we do not think the evidence was of such a character as to authorize us to interfere.   In the case as presented we cannot retry the facts upon the evidence and determine upon which side the preponderance of the evidence exists.   All that we can do is to look into the record to see whether there is such

a lack of evidence that we can say as a matter of law that the finding is erroneous. (*Wilson v. Lightbody*, 29 Kas. 446; *Gibbs v. Gibbs*, 18 id. 419; *Kunkel v. Rly. Co.*, 17 id. 145.)

The order of the district court will be affirmed.

All the Justices concurring.