CHARLES P. KELLOGG & CO. v. EDWARD E.
HAZLETT et al.

No. 82.

1. ATTACHMENT — *Action on Claim Before Due.* An action can
be brought under section 230 of the code on a claim before it is
due only for the purpose of having an attachment of the property
of the defendant on the grounds specified in the statute; if there
is no attachment of property, the action fails.

2. GARNISHMENT — *Independent Provisional Remedy.* Garnish-
ment before judgment, as now allowed in this state, is an inde-
pendent provisional remedy, not a mere incident of attachment,
and cannot be had at the commencement of an action brought
on a claim before it is due.

3. ———— *Summons, Without Bond, Should be Quashed.* A
garnishee summons issued without the filing of the requisite
statutory bond should be quashed.

MEMORANDUM.—Error from Dickinson district court ;
JAMES HUMPHREY, judge.   Action by Charles P. Kel-
logg & Co. against Edward E. Hazlett, in which a
garnishee summons was issued.   From a judgment
quashing the summons, on motion of the garnishees,
the plaintiffs bring error.   Affirmed.   The facts are
stated in the opinion, filed February 14, 1896.

*John H. Mahan,* for plaintiffs in error.

*Stambaugh & Hurd,* for defendants in error.

The opinion of the court was delivered by

GARVER, J. :   Charles P. Kellogg & Co. commenced
this action January 20, 1892, in the district court of
·Dickinson county, against Edward E. Hazlett, on a
debt not due, and had an order of attachment issued,
under section 230 of the civil code.   At the same time
an affidavit was made and filed for a garnishee sum-
mons, on the ground that the defendant had not

property liable to execution sufficient to satisfy the plaintiff's demand.    No bond, in addition to the undertaking in attachment, was given in the garnishment proceeding, but a garnishee summons was issued by the clerk of the court and certain persons summoned as garnishees.    The order of attachment was not executed by a levy on any property of the defendant, for the reason, as stated in the sheriff's return, that no property was found on which to make the levy.    Thereafter, on motion of the garnishees, the court set aside and quashed the garnishee summons for the reason that it was issued ''without authority of law.''    This ruling is assigned for error, and is the only question demanding the consideration of this court.

Can the plaintiff, in an action commenced on a debt not due, avail himself of the provisions of the statutes of 1889 relating to garnishment ?    The answer to this question involves a consideration of the changes made in such proceedings by the statutes of 1889.    Previous to that year a garnishee summons was issued as a mere aid to an order of attachment, and was only another method of attaching the defendant's property. The affidavit and bond for attachment furnished the grounds and the authority for garnishment.    Nothing more was required of the plaintiff except the showing that he had good reason to and did believe that the person or corporation to be summoned as a garnishee was indebted to the defendant, or had property belonging to him.    Whatever might be the ground laid in the affidavit for the attachment, it was the same ground which justified proceedings in garnishment. A summons in garnishment, like an order of attachment, could, under the statutes of 1868, be had in any civil action brought for the recovery of money, regard-

less of whether such action was founded upon contract or sounded in tort. If it was an action for money, and the defendant was charged with conduct which operated as a fraud upon the plaintiff, the latter was afforded a remedy to obtain security for his claim either by a direct seizure of the property of the defendant, or by garnishing it in the hands of a third party. In 1889 the legislature made some radical changes. While the grounds for attachment and the proceedings therefor remain without substantial change, the remedy by garnishment before judgment is no longer available, except in an "action to recover damages founded upon contract, express or implied, or upon judgment or decree." The statutory grounds for attachment do not authorize the issuing of a garnishee summons before judgment, the only ground therefor now being that the defendant "has not property liable to execution sufficient to satisfy plaintiff's demand." Prior to 1889, fraud was the ground upon which garnishment proceedings were based; since then, it is sufficient that a defendant be merely unfortunate — that he has failed to accumulate property subject to execution. There is also, now, the further requirement, except when the defendant is a non-resident,

"That the order of garnishment shall not be issued by the clerk unless an undertaking on the part of the plaintiff has been executed, . . . to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of such garnishment, if the order be wrongfully obtained."

The undertaking for attachment is no longer sufficient for both attachment and garnishment. Thus, garnishment has been made an independent provisional remedy instead of a mere aid to attachment. Each proceeding is based upon its own peculiar

grounds, and supported by its own independent undertaking.

Does section 230 of the civil code authorize garnishment at the commencement of an action brought on a claim before it is due? The plaintiff in error contends that it does. That section reads :

" Where a debtor has sold, conveyed or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts, or is about to make such sale, or conveyance, or disposition of his property, with such fraudulent intent, or is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering or delaying them in the collection of their debts, a creditor may bring an action on his claim before it is due and have an attachment against the property of the debtor."

The right to sue on a claim not due is purely statutory. In such a case, a cause of action does not exist independent of the statute. (*Rullman v. Hulse*, 32 Kan. 598 ; *Wurlitzer v. Suppe*, 38 id. 31, 34.) An action can therefore be maintained only as it is expressly authorized. To warrant such an action under section 230, two things must concur : (1) The disposal of property by the defendant, or his intention to dispose of it, with the fraudulent intent to cheat or defraud his creditors ; (2) the attachment of the defendant's property. If the attachment fails, the action also fails. (*Pierce v. Myers*, 28 Kan. 364 ; *Voorhis v. Michaelis*, 45 id. 255.) If the writ of attachment be not served because there is no property to attach, it cannot be said that there has been an attachment in the case. The mere issuing of an order of attachment, without a levy being made, counts for nothing ; the legal effect is the same as if an attachment had been actually made and after-

ward discharged. It must be observed that this statute does not authorize the commencement of an action on a debt not due upon the mere showing that the defendant has made, or is about to make, a fraudulent disposition of his property; the proceedings are permitted before the maturity of the debt only for a specific purpose — to have an attachment of the defendant's property. For no other purpose and on no other conditions can such action be maintained. (*Buck v. Panabaker*, 32 Kan. 466.) The fact that a defendant may not have property subject to execution sufficient to satisfy the plaintiff's demand has never, in this state, been made a ground for the commencement of an action on a debt not due. As garnishment is a special and extraordinary remedy, it can be used only at the times and upon the grounds expressly authorized by statute. The statutory conditions for its exercise are conclusive, and exclusive of all others. Garnishment is not now, as we have seen, merely incident to attachment; nor is a garnishee summons authorized by a fraudulent disposal of property by a debtor. It follows, therefore, as a necessary conclusion, that proceedings in garnishment are not authorized before judgment, in an action brought on a claim not due, even though proper grounds be laid for attachment.

Upon another ground, also, the decision of the lower court should be affirmed. The record shows that the requisite statutory bond was not given in the garnishment proceedings. This was a fatal omission. A summons issued without such bond should be set aside. (*Ballinger v. Lantier*, 15 Kan. 608; *Rullman v. Hulse*, 33 id. 670.)

There being no error apparent in the record, the judgment is affirmed.

All the Judges concurring.