THE MORTGAGE TRUST COMPANY OF PENNSYLVANIA
v. NATHANIEL E. NORRIS.

**No. 179.**

1. PRACTICE, DISTRICT COURT—*Plea to Jurisdiction — Waiver.* "Illegality in the service of process by which jurisdiction is to be obtained is not waived by the special appearance of the defendant to move that the service be set aside; nor, after such motion is denied, by his answering to the merits.   Such illegality is considered as waived only when he, without having insisted upon it, pleads in the first instance to the merits." (*Harkness v. Hyde*, 98 U. S. 476.)

2. ——— *Garnishment — Action for Statutory Penalty.* Garnishment does not lie in an action to recover the statutory penalty for neglect and failure to discharge a real-estate mortgage which has been fully paid.

3. ——— *Service by Publication—Affidavit.* In order to support service by publication against a non-resident defendant in attachment proceedings, the affidavit for such service should show that the defendant has property within this state subject to attachment.

Error from Barton district court; J. H. BAILEY, judge.   Opinion filed September 13, 1898.   Reversed.

*Elrick C. Cole*, for plaintiff in error.

*G. W. Nimocks*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was commenced on February 14, 1893, by N. E. Norris to recover the statutory penalty of $100, and an attorney's fee, for the neglect and failure of the trust company to discharge a real-estate mortgage which had been fully paid. Service by publication was made on the defendant, a Pennsylvania corporation, and several parties were served as garnishees. An order of attachment was issued at the commencement of the action and the same was subsequently returned by the officer with an indorsement showing that no property was found whereon to levy. The affidavit for service by publication, which was filed on February 25, 1893, set forth that the defendant was a non-resident of the state of Kansas ; that the action was brought to recover a statutory penalty, under paragraph 3892, General Statutes of 1889 (Gen. Stat. 1897, ch. 119, § 9) ; and that an order of attachment and several summonses in garnishment had been issued, and that one of the latter had been served on Jacob Zimmer and others. The publication summons notified the defendant that he had been sued by the plaintiff, who had filed his petition, wherein he sought to recover judgment for $100 penalty and $100 as an attorney's fee ; that he had caused an order of attachment and summonses in garnishment to issue therein ; and that certain persons had been served as garnishees. The last sentence of the summons reads :

" Said defendant is therefore notified that, unless it appears and answers or demurs to the said petition on

or before the 1st day of May, 1893, the allegations in said petition will be taken as true and judgment awarded as therein prayed for.''

The trust company made a special appearance in the case on April 27, 1893, as follows:

'' Now comes the defendant, the Mortgage Trust Company of Pennsylvania, and by their attorney make this their special appearance for the purpose of this motion, and this motion only, and object to the jurisdiction of the court either as to the person of defendant or the subject-matter of said action: First, because no legal service of summons has been made upon said defendant in said action; second, because no proper foundation for the pretended service by publication has been laid in said action.''

This objection to the jurisdiction of the court was overruled, the defendant duly excepting.   Thereupon, time having been given to plead, defendant answered, setting up certain facts as a defense.   The reply contained a general denial only.   On the trial, the defendant's demurrer to plaintiff's evidence was over- ruled, whereupon the defendant introduced evidence in support of its answer.   The court entered judgment in favor of Norris and against the trust company in the sum of $150, of which $50 was for an attorney's fee.   The motion for a new trial made no reference to the ruling of the court as to the special appearance.   The answer of Zimmer, as garnishee, stated that he was indebted to the trust company on a promissory note not yet due.   The other garnishees answered that they were not indebted to the company. The journal entry of judgment makes no reference to the garnishment or attachment proceedings.

It is evident that the grounds set forth in the special appearance related only to the legality of the service by publication.   Two questions arise concerning such

service : Did the garnishment proceedings support the attempted service by publication? Were the affidavits for service by publication and the publication notice sufficient to give the court jurisdiction under attachment proceedings? Both these questions must be answered in the negative. Section 228 of chapter 95, General Statutes of 1897 ( Gen. Stat. 1889, ¶ 4284 ), governing garnishment proceedings, provides that a garnishee summons may be issued in any action to recover damages founded upon contract, expressed or implied, or upon judgment or decree, etc. In *Kellogg v. Hazlett*, 2 Kan. App. 525, 43 Pac. 989, it was said : ''As garnishment is a special and extraordinary remedy, it can be used only at the times and upon the grounds expressly authorized . by statute.'' We think this case does not come within the provision of section 228, *supra*, and that the garnishment proceedings are void.

Eliminating from the affidavit for publication and the publication notice all reference to the garnishment matter, and regarding the affidavit and notice as having been filed in an attachment proceeding, it will be observed that the files of the case showed the latter proceeding was entirely ineffectual at the time the special appearance was made. Section 73 of the civil code (Gen. Stat. 1897, ch. 95) provides that the affidavit for service by publication must show that the case is one of those mentioned in section 72, preceding (Gen. Stat. 1889, ¶ 4155). The fourth paragraph of section 72 relates to actions brought against non-residents of the state, or foreign corporations, having in this state property or debts owing them, sought to be taken by any of the provisional remedies. The affidavit before us does not *show* that the defendant had any property in this state subject to attachment, nor that any property

was actually attached.  The publication notice is also wanting in these particulars.   It cannot be determined from an examination of the affidavit or the publication notice, or both, that this action comes within the provisions of paragraph 4, section 72, *supra*, in respect to the attachment proceedings.   Both the affidavit and the notice are consequently insufficient.  In fact, there appears to be a total want of evidence upon a vital point in the affidavit.   In *Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830, the court said :

"The rule is : If there is a total want of evidence upon a vital point in the affidavit for publication, the court acquires no jurisdiction by publication of the summons ; but where there is not an entire omission to state some material fact, but it is inferentially or insufficiently set forth, the proceedings are merely voidable."

The record indicates that the affidavit under consideration could not have been so amended as to make it sufficient, for the return of the sheriff showed there was no property of the defendant subject to an attachment.   However, it is not necessary that we should hold the affidavit to have been unamendable, as no offer was made to amend it.   We hold that it was insufficient and that the court erred in sustaining it as against the objection made by the defendant.

This brings us to the consideration of another important question.   That question is whether pleading to the merits and participating in the trial after the objections to the jurisdiction of the court were overruled amounted to a waiver of such objections and constituted a general appearance on the part of the defendant.   It is a question on which the courts are not fully agreed.   We think the defendant, having appropriately and seasonably objected to the jurisdic-

tion of the court by making a special appearance, did not waive such objections by answering to the merits and taking part in the trial after the objections were overruled.   This subject is exhaustively treated in the Encyclopedia of Pleading and Practice, volume 2, pages 629–631.   We quote the following therefrom :

"Where a special appearance is made in order to object to illegality in the service of process, or to urge any objection for which a special appearance is appropriate, such special appearance is not waived and converted into a general one by answering to the merits after the objections are erroneously overruled. It is only where the defendant pleads in the first instance to the merits without special appearance that objections to personal jurisdiction are waived."   (See also cases there cited.)

Judge Elliot says :

"If a party appropriately and seasonably objects to the jurisdiction of his person, he is not, according to what seems to us the better opinion, to be regarded as waiving the objection by answering to the merits after his objection is overruled and due exception reserved.   Having done all in his power at the proper time to present his objection, subsequently contesting the case is in no just sense a waiver.   A party cannot be held to relinquish a right which he asserts as the law requires, nor is he bound to constantly repeat his objections.   It would be unjust to hold that he must surrender his right to contest the case upon the merits or yield a right he has done his best to preserve and assert."   (Appellate Procedure, § 677.)

Our supreme court has evidently adopted the same view, as appears from its language in the case of *Wells v. Patton*, 50 Kan. 732, 33 Pac. 16 :

"Perhaps a defense to the merits may be united with a plea to the jurisdiction, but if this is done the trial court ought to settle the question of jurisdiction before proceeding to try the other issues in the case.

Mortgage Co. v. Mullen.

If Wells had asked that to be done in this case, then we think we might say that he did not waive anything by answering even to the merits."

To the same effect is the decision in *St. L. K. & S. W. Rly. Co. v. Morse*, 50 Kan. 99, 31 Pac. 676. See also *Dickerson v. B. & M. R. Rld. Co.*, 43 id. 702, 23 Pac. 936, and *Harkness v. Hyde*, 98 U. S. 476. In the latter case the syllabus reads :

"Illegality in the service of process by which jurisdiction is to be obtained is not waived by the special appearance of the defendant to move that the service be set aside ; nor, after such motion is denied, by his answering to the merits. Such illegality is considered as waived only when he, without having insisted upon it, pleads in the first instance to the merits."

Under the facts and the law, it appears that the trial court erred in entering a personal judgment against the defendant below. The judgment of the district court will therefore be reversed and the case remanded for a new trial.