## SAMUELS v. GRANITE SAVINGS BANK & TRUST CO. et al.

No. 19959.   Opinion Filed June 30, 1931.

C. E. Castle, for plaintiff in error.

W. R. Banker, Hoyt & Stephens, and Watts & Broaddus, for defendants in error.

ANDREWS, J. The defendant in error, Granite Savings Bank & Trust Company, as plaintiff, instituted a suit in the district court of Wagoner county against the defendants in error B. H. Wertz and Ray Wertz, as defendants, for the recovery of a money judgment on a promissory note and for foreclosure of a real estate mortgage securing the same. The plaintiff in error intervened therein, alleging ownership in an undivided one-tenth interest in the land, and praying for judgment for possession and the quieting of her title thereto against the claims of the plaintiff and defendants therein. The parties will be hereinafter referred to as they appeared in the trial court.

The trial court rendered a judgment in favor of the plaintiff and against the defendants on the notes, and for foreclosure of the real estate mortgage and against the intervener for foreclosure of the real estate mortgage, and against the intervener in favor of both plaintiff and defendants on the claim of ownership of intervener.

The trial court found and adjudged that the right of the intervener to recover was barred by a final judgment of the district court of Wagoner county in an action in which Fayette Wertz was plaintiff. From the judgment the intervener appealed.

The intervener presents ten assignments of error which are briefed under one proposition, to wit, that the judgment of the district court of Wagoner county was not and is not a bar to her rights. In support of that proposition, the intervener makes two contentions: First, that the district court of Wagoner county had no jurisdiction to render the decree relied on as a bar, for the reason that there was no proper service had in the cause; and, second, that there was no showing of any right of either of the defendants or the plaintiff by virtue of the decree in favor of Fayette Wertz.

The petition filed in that cause was entitled Fayette Wertz, Plaintiff, v. The Heirs, Executors, Administrators, Devisees, Trustees, and Assigns, Immediate and Remote, of Betsy Primous, Deceased, a Creek Freedman, Roll No. 4076, Census Card No. 1070, of the Final Rolls of the Citizens and Freedmen of the Five Civilized Tribes of the Indian Territory, Defendants. —No. 3915."

The plaintiff therein alleged that he was the owner in fee simple of the land in controversy here; that he was in possession of same; that he derived title thereto by certain conveyances made to him by certain persons said to be the sole and only heirs, immediate and remote, of Betsy Primous, deceased; that the land had been allotted to her; that she died intestate, the owner in fee thereof, more than ten years prior to the time of filing the petition; that she left surviving her as her only heirs at law and next of kin, the grantors of that plaintiff; that there had been no administration upon her estate and no judicial determination of persons entitled to participate in the distribution thereof; that certain persons, to the plaintiff unknown, as heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, of Betsy Primous, deceased, claim some right, title or interest in and to the real estate adverse to the plaintiff, the exact nature of which was to the plaintiff unknown, which claims are without right and which are a cloud upon the title of the plaintiff. The prayer was for judgment against all persons claiming as heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, of Betsy Primous, deceased, and to quiet the title of the plaintiff.

Upon the filing of the petition, notice was given by publication and proof of publication was made and filed. At the hearing of the cause, the court, among other things, found that:

"* * * Proof of service by publication upon the defendants herein is tendered to the court for inspection, and the court having examined the same, finds that each and all of the defendants have been lawfully served by publication, and notified to appear and answer in said cause, * * * but that each and all of the heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, of Betsy Primous, deceased, a Creek freedman, Roll No. 4076, Census Card No. 1070, of the Final Rolls of Citizens and Freedmen, of the Five Civilized Tribes of the Indian Territory, have wholly made default, and failed to plead or answer the said cause."

The decree of the court made the further finding:

"* * * And thereupon, the plaintiff herein proffers his testimony to the court, showing that he is the owner of all the right, title, and interest of all known heirs of the said Betsy Primous, deceased, and thereupon, the court being fully advised in the premises, finds for the plaintiff, that he is the owner in fee and in possession. * * *"

In answer to the first contention made by the intervener, the plaintiff contends that

the attempt of the intervener to avoid the effect of the decree is a collateral attack upon the final judgment of a court of competent jurisdiction, and as such cannot be sustained. The intervener neither in the pleadings nor in the assignments of error points out wherein the service therein was insufficient, but in the brief urges that there was no showing of the filing of an affidavit to secure service by publication, and contends that, inasmuch as there was no showing of the filing of such an affidavit, the service was insufficient for want of authority to make service by publication.

The journal entry of judgment in that cause recites a finding of the court of lawful service, and there is nothing in the judgment roll showing that the service was not lawful. There being nothing in the record to show the want of service, the rule announced in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, applies.

Therein this court said:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' Such motion under section 5274, Rev. Laws 1910, must be presented within three years after the rendition of the judgment or order.

"* * * If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within the three years following the rendition of the judgment or order, otherwise every judgment, valid upon the face of the record, will depend for its perpetuity upon the frail memory of man. We refuse to follow those cases apparently holding that a judgment rendered without service of process, though valid on its face, may be vacated at any time upon motion. Those cases fail to distinguish between judgments valid on their face and those void on their face. See Edwards v. Smith, 42 Okla. 544, 142 Pac. 302. correctly ho'ding that a judgment is not void in the legal sense for want of jurisdiction unless its invalidity and want of jurisdiction appear on the record: it is voidable merely.' "

In Crowther v. Schoonover, 130 Okla. 249, 266 Pac. 777, this court held:

"Where service is obtained by publication, and the judgment recites 'that said service of summons by publication has been legally and duly made.' and there is nothing on the face of the record to show irregularity of the service, an attack on the judgment as being void because of failure to make and file affidavit as required by section 252, C.

O. S. 1921, can only be made under the third subdivision of section 810, C. O. S. 1921."

To the same effect is Woodley v. McKee, 101 Okla. 120, 223 Pac. 346.

Herein the judgment roll does not show that the jurisdictional requirements were not complied with. It only fails to show compliance with the jurisdictional requirements. That failure is corrected by the journal entry of judgment in which the court approves the service.

In Hawkins v. Bryan, 128 Okla. 27, 261 Pac. 167, this court held:

"The district courts of this state are courts of general jurisdiction, and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment."

There are many other decisions of this court to the same effect.

The second contention presented by the intervener in her brief involves two questions, each of which was decided against her by the trial court, and the judgment on each of them must be affirmed.

That Fayette Wertz was the owner of the land was determined by the judgment of the trial court in the former action. Therein that court found that "he was the owner in fee." That judgment is conclusive as to the ownership of Fayette Wertz.

Whether or not the defendants derived their title from Fayette Wertz was not an issue in the trial court in this action. It was alleged in the amended and supplemental answer of the plaintiff to the petition in intervention that Fayette Wertz was the grantor of the defendants herein, and that allegation was not denied. The reply of the intervener to that answer denied "each and every allegation of new matter contrary and contradictory to the statements set forth in her petition of intervention." There was no other denial. The petition in intervention contained no statement with reference to the passing of the title from Fayette Wertz to these defendants. Since there was no issue made in the trial court as to how these defendants derived their title, that issue cannot be presented to this court for the first time. If the contention here made had been made in the trial court, it is highly probable that the plaintiff would have shown by evidence the deed from Fayette Wertz to those defendants. The record does not show any such deed, doubtless for the reason that that was not an issue in the cause in the trial court.

The decision of this court in DeWatteville v. Sims, 44 Okla. 708, 146 Pac. 224, relied upon by the intervener, does not support her contention.

We think that the court took jurisdiction of the subject-matter in this controversy when the petition was filed in case No. 3915 in the district court of Wagoner county, that being the county wherein the land is situated. The petition named the allottee and fully described the estate. It also named the known heirs to the estate as grantees of petitioner, and alleged, in substance, that certain persons unknown to the petitioner as heirs of Betsy Primous claimed some right, title or interest in the land. The notice named the allottee and fully described the estate, and also named the heirs, executors, administrators, devisees, trustees, and assigns of Betsy Primous, deceased, a Creek freedman, Roll No. 4076. We think that notice sufficient to include, as party defendant, the intervener, Isabelle Samuels, nee Osborne, who claims to be, and who was, by the trial court, found to be an heir to the estate of Betsy Primous, and to give the court jurisdiction over her person. The proof of publication was duly made as required by law, and the court found that each and all of the defendants had been lawfully served by publication. We find no error in the finding of the trial court that the intervener is barred from recovery herein by virtue of the suit and judgment in case No. 3915 herein referred to.

The judgment of the trial court is affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, KORNEGAY, and McNEILL, JJ., concur. LESTER, C. J., and RILEY and CULLISON, JJ., absent.