## WEIMER v. AUGUSTANA PENSION and AID FUND et al.

No. 26368.    April 6, 1937.

E. R. Smith and E. J. Gilder, for plaintiff in error.

G. P. Ralls, Willingham & Farris, L. O. Carson, and Ray S. Fellows, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the lower court. The Augustana Pension and Aid Fund, as plaintiff, filed in the district court of Coal county, a petition against Jessie E. Sullivan et al., including as a defendant Walter Weimer, the plaintiff in error in this cause. The petition prayed for judgment on a note and the foreclosure of a mortgage covering lands in Coal county, and alleged in addition thereto that certain defendants, including Walter Weimer, claimed some right, title, and interest in and to the land sought to be foreclosed which constituted a cloud on the title, and prayed for a foreclosure and that its mortgage be adjudged superior to the claim of all the defendants.

On the 16th day of May, 1929, an affidavit of the plaintiff's attorney was filed to obtain service by publication. The affidavit alleged that after due diligence the plaintiff was unable to make personal service of summons on the defendant Weimer, who was a nonresident of the state and not within the state at the time of the filing of the affidavit, but was out of the state of Oklahoma. It was then alleged that the action was one in which service by publication was authorized. The affidavit did not give the residence of the defendant. Weimer failed to appear, and on July 12, 1929, judgment was rendered on the note, foreclosing the mortgage lien and ordering the mortgaged land to be sold in payment of the judgment.

The judgment, among other things, recited:

"It appearing to the court that all of the defendants have been served with summons and notice by publication as required by law and that all of said defendants are now in default"

—and further recited that the mortgage lien and the judgment of foreclosure were superior to the claim of the defendants, including Walter Weimer, and decreed that all persons claiming under the defendants be forever barred and foreclosed of all lien, right, title, interest, estate, or equity in or to the lands, or any part thereof.

On October 22, 1934, Walter Weimer filed his motion to vacate the judgment on two grounds, as follows:

"Comes now Walter Weimer specially for the purpose of this motion and for no other purpose and moves the court to vacate, set aside and hold for naught as to this movant the judgment, rendered in this cause on the 12th day of July, 1929, on the ground that said judgment is void as to this movant, as appears from the judgment roll in said cause, because:

"(1) The purported substituted service on this movant by publication is void and did not give this court jurisdiction over this movant and did not give this court power to render said judgment against this movant, for that no copy of the petition in said cause and no copy of the publication notice in said cause were mailed to this movant at his place of residence or business and no excuse was offered for failure to so mail a copy of said petition and a copy of said publication notice to this movant at his place of residence or business, as appears from the judgment roll in this cause.

"(2) This movant has from the year 1901 to the present time been a permanent resident and citizen of Okmulgee, in Okmulgee county, state of Oklahoma, and no service of summons in said cause was ever served upon him and no other valid process or notice was given him of the pendency of said action, and therefore this court was without jurisdiction to render judgment against this movant in this cause.

"(Signed) E. J. Gilder,
"(Signed) E. R. Smith,
"Attorneys for Movant, Walter Weimer."

At the trial Weimer introduced the clerk of the court, identifying by him the original files and the entries on the appearance docket. These were offered in evidence. A demurrer to the evidence interposed by the plaintiff was sustained. On the order denying the motion to vacate, appeal is taken to this court.

First. The motion is made under provisions of section 563, O. S. 1931, which author-

izes the vacation of a void judgment at any time on motion by any party affected by it.

It is settled in this state and very generally elsewhere that a judgment is void only when a jurisdictional defect appears on the face of the record. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Adams v. Carson, 165 Okla. 161, 25 P. (2d) 653; B-R Electric & Telephone Mfg. Co. v. Town of Wewoka, 113 Okla. 225, 239 P. 919; Samuels v. Granite Savings Bank & Trust Co., 150 Okla. 174, 1 P. (2d) 145.

The judgment for which vacation is authorized by section 563, O. S. 1931, is one void on its face. On hearing of a motion to vacate a void judgment, the court searches its record or roll and determines whether the judgment is valid or void. Evidence is unnecessary because the court takes judicial notice of the proceedings had in the cause. The judgment in the instant case is not void on its face.

The statute does not require proof of mailing a petition and notice of publication by filing affidavit or otherwise enrolling the fact on the judgment roll. Section 186, O. S. 1931, requires that a copy of the petition and notice of publication be mailed to the defendant, unless the plaintiff shall make and file an affidavit that the residence or place of business of the nonresident defendant is unknown to the plaintiff and cannot be ascertained by means within his control. It is contended that, because the excuse for not mailing such a petition and notice must be made to appear by an affidavit of the plaintiff filed with the clerk of the court, likewise it is essential that compliance with this section must also be shown upon the record by affidavit. The statute does not specifically require that the affidavit of mailing the petition and notice of publication shall be made or filed with the clerk, and the failure of the record or the appearance docket or the files of the court to show such an affidavit is not jurisdictional. Presumption is indulged in favor of the validity of the judgment, and the absence from the files of an affidavit of proof, or the failure of the appearance docket to show the filing of an affidavit will not overthrow the presumption. The judgment is not void because of silence of the record regarding the mailing in compliance with section 186, O. S. 1931. The judgment is void only when the record shows affirmatively that the plaintiff knew the address of the nonresident and failed to mail the petition and notice by publication. Woodley v. McKee, 101 Okla. 120, 223 P. 346; Crowther v. Schoon-

over, 130 Okla. 249, 266 P. 777; Young v. Campbell, 160 Okla. 265, 16 P. (2d) 65.

The rule that presumption will supply omission in the record of a judgment is confined to courts of general jurisdiction. In limited courts or administrative tribunals the presumption is not indulged, and the record is, in some respects, accepted as reflecting the whole proceeding. Such a case was Gregg v. Leach, 145 Okla. 126, 292 P. 58, cited by counsel for the plaintiff in error. There it was sought by presumption to supply a sufficient notice when a defective one was on file with the county officer. The other cases cited by the plaintiff in error are clearly distinguishable.

The recital in the judgment that all defendants were served by summons and notice of publication required by law, is not overthrown by the absence from the files of proof of service, or the failure of the appearance docket to show the filing of such proof. Woodley v. McKee, 101 Okla. 120, 223 P. 346; Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Samuels v. Granite Savings Bank & Trust Co., 150 Okla. 174, 1 P. (2d) 145; Miller v. Madigan, 90 Okla. 17, 215 P. 742; Continental Gin Co. v. DeBord, 34 Okla. 66, 123 P. 159; Adams v. Carson, 165 Okla. 161, 25 P. (2d) 653; Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029; E. R. Thomas Mtr. Car Co. v. Robb, 86 Okla. 266, 208 P. 783; Chaplin v. First Bank, 72 Okla. 293, 181 P. 497.

The second ground for the motion is not presented below or argued here, but evidently the matters therein stated could not be presented after judgment by motion.

The judgment, being valid on its face, could be attacked for want of jurisdiction of the person of the defendant in only two ways:

First. By a proceeding in the court rendering the judgment seeking the vacation of it as provided by section 556, O. S. 1931. Under the third subdivision of this last section the proceeding authorizing the vacation for irregularity in obtaining the judgment or order must be brought within three years from the rendition of the judgment or order. (Section 563, O. S. 1931.)

Second. After the expiration of the three years a judgment can be attacked only under the general jurisdiction of equity. Prior to the adoption of the statute, the jurisdiction of the court over the persons of the defendants could be challenged after judgment only in equity. Sections 556 et seq., O. S. 1931, provide a simple statutory remedy which when applicable is exclusive.

Equity now requires that the party complaining resort to the statutory proceeding when it is available. After the lapse of the time in which the attack may be made in the statutory proceedings, or when the judgment is rendered in a court without jurisdiction to give relief against it, equity will take jurisdiction.

The proceeding in equity is extremely technical and the wrong must not only be clearly stated and proved, but the excuse for the delay must be satisfactorily explained. A mere lack of knowledge that the judgment has been rendered is not sufficient. The owner of property must be diligent in its care. In the equitable proceeding the failure to discover within three years a judgment divesting the applicant of title to his property must be explained.

Under either the statutory or the equitable proceeding, the petition must be verified, exhibit the order attacked, set out a defense and the excuse for not defending.

The application being insufficient on the theory that the judgment is void, too long deferred under the statute authorizing vacation for irregularity, and wholly insufficient as a petition in equity, it was properly denied.

The judgments such as here attacked, containing such recitations or findings of the trial court that "service of summons by publication has been duly and legally made"; "the court has examined the service by publication and proof thereof, and finds the same regular and in compliance with law and the same is hereby approved"; or "all defendants have been served with summons by publication as required by law," or similar recitations or findings, are to be distinguished from those cases involving judgments where no such or similar recitations or findings are contained. Locke v. Gilbert, 133 Okla. 93, 271 P. 247, and Stumpff v. Price, 74 Okla. 117, 177 P. 109. Likewise, these are distinguishable from cases involving service of notice of application for a tax deed by publication, as in Gregg v. Leach, 145 Okla. 126, 292 P. 58. They are also apart from controversies where the purported service of summons by publication is attacked by special appearance and motion to quash before judgment, as in Dow v. Cowley-Frye Lbr. Co., 119 Okla. 60, 247 P. 1109.

Where the judgment recites, or there is a specific finding by the court contained in the journal entry of judgment, to the effect that service of summons by publication is in the manner provided by law, the judgment will not be treated as void on the face of the

record, although the record and files of the court clerk may fail to show filing of either or both the affidavits as required by section 252, C. O. S. 1921 (sec. 186, O. S. 1931).

But where the journal entry of judgment fails to contain such recitation or finding, and the record and files of the court clerk fail to show the filing of such affidavits or either of them, then a different question might be presented to the courts.

The Supreme Court acknowledges the aid of Attorneys B. B. Blakeney and Frank Wells in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blakeney and approved by Mr. Wells, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.