## ROBINS v. LINCOLN TERRACE CHRISTIAN CHURCH.

No. 27876.  Nov. 30, 1937.

Rehearing Denied Feb. 1, 1938.

A. E. Pearson and Wesley A. Smith, for plaintiff in error.

Everest, McKenzie & Gibbens, for defendant in error.

RILEY, J.  This is an appeal by Mrs. A. C. Robins from a judgment and decree adverse to her in an action commenced in the district court of Oklahoma county by the defendant in error, Lincoln Terrace Christian Church, to quiet title to four lots in block 9, Foraker Heights, a subdivision of block 9, in Prospect Heights addition to Oklahoma City, 'against plaintiff in error herein and others, wherein plaintiff in error filed a cross-petition praying that title to said property be quieted in her.  None of the other parties appeal.

It appears from the record that the defendant in error, hereinafter referred to as the church, claimed title by warranty deed from T. G. Thompson, who was made a party defendant; that he acquired the title which he conveyed to the church by a tax deed issued by the county treasurer of Oklahoma county executed December 16, 1931, and filed for record December 19, 1931.

Sophia Dorsey was the owner of record of the lots in question when the tax deed was executed.

On January 22, 1932, Thompson commenced an action in the district court of Oklahoma county to quiet title to said lots with other property.  Sophia Dorsey was made a party defendant in th'at action.  Service of summons as to Sophia Dorsey was by publication.  Judgment and decree was entered in that action quieting title to the lots in question in T. G. Thompson, May 23, 1932.  Sophia Dorsey died in Houston, Tex., November 14, 1933, leaving as her sole and only heir plaintiff in error herein, Mrs. A. C. Robins.

This action was commenced March 19, 1936.  The answer and cross-petition of Mrs. A. C. Robins was filed May 9, 1936.  The judgment 'and decree quieting title in Thompson was not mentioned therein.  May 15, 1936, the church filed its answer to the cross-petition of Mrs. A. C. Robins, pleading said judgment and decree as a defense thereto.

September 4, 1936, Mrs. Robins filed her reply, in which she for the first time assailed the validity of said judgment.  She also assailed the validity of the tax deed.  She 'alleged that the judgment and decree quieting title in Thompson was void as to Sophia Dorsey in that "The court had no jurisdiction over the property in said litigation for the reason that there was no legal service of any kind had therein, the defect in said service being that no proper affidavit for publication was made upon which service by publication could be had under law. * * *"

It thus appears that in order to defeat the title of the church acquired from Thompson the judgment and decree quieting title in Thompson in his action against Sophia Dorsey must appear to be void on the face of the judgment roll, since it was not attacked within three years after its rendition.

The first and second propositions stated by plaintiff in error are: (1) In cases of equitable cognizance this court will examine and weigh the evidence introduced before the trial court, and if it appears that the judgment of the trial court is against the clear weight of the evidence, this court will reverse such judgment and render such

proper judgment and decree as is right and equitable under the evidence as shown by the record. (2) A judgment disclosed by the judgment roll to be void may be attacked at any time, either directly or collaterally.

These propositions correctly state the law.

The question then presented is whether the judgment and decree obtained by Thompson against Sophia Dorsey is void as shown by the judgment roll.

The ground upon which the validity of the judgment is assailed is that the affidavit for service of summons was defective in that, although it contained the assertion that "affiant with due diligence is unable to make service of summons within the state of Oklahoma upon the following named defendants," naming Sophia Dorsey and others, it failed to state what diligence was used.

The judgment and decree in the Thompson case was introduced in evidence and is in the record (C.-M. p. 111). With reference to the service of summons on Sophia Dorsey with others, the judgment contains the following:

"Thereupon, the court having further examined the files and being fully advised finds that the following named defendants, to wit: * * * Sophia Dorsey * * *, have been duly served with process of summons by publication in accordance with the statutes of the state of Oklahoma in such cases made and provided whereby they were required to answer in said cause on or before the 12th day of May, 1932, but each of said defendants, though duly served as aforesaid, has failed, neglected, or refused to appear, answer, or plead and are now adjudged to be in default and the allegations of plaintiff's petition are taken as confessed by said defaulting defendants."

In Vinson v. Oklahoma City, 179 Okla. 590, 66 P. (2d) 933, it is held:

"Where service is obtained by publication and the journal entry of judgment recites that service is proper, the judgment is not void on its face, and an attack on the ground that there was no mailing of copy of the petition and publication notice or affidavit filed excusing same, as required by section 186, O. S. 1931. can only be made under the third subdivision of section 556, O. S 1931, and must be made within three years after the rendition of the judgment as provided in section 563, O. S. 1931."

In Weimer v. Augustana Pension and Aid Fund, 179 Okla. 572, 67 P. (2d) 436, it is said:

"Where the judgment recites, or there is a specific finding by the court contained in the journal entry of judgment, to the effect that service of summons by publication is in the manner provided by law, the judgment will not be treated as void on the face of the record, although the record and files of the court clerk may fail to show filing of either or both the affidavits as required by section 252, C. O. S. 1921 (sec. 186, O. S. 1931)."

Ritchie v. Keeney, 181 Okla. 207, 73 P. (2d) 397, follows that rule.

It therefore appears that the judgment in the Thompson case is not, and was not, void upon the face of the judgment roll. It cannot be successfully attacked upon the grounds relied upon, directly nor collaterally, after the lapse of three years.

Plaintiff in error was permitted, over the objection of the church, to introduce evidence tending to show that the lots were not advertised for sale for taxes, and asserts that the judgment is void because the tax deed itself was void.

Defendant in error contends that this evidence was inadmissible to impeach the judgment entered in the Thompson case. This contention is correct. That was a matter which might have been presented in the Thompson case. The evidence which was before the court is not a part of the judgment roll. Judgments of courts of record may not be impeached in a collateral proceeding, especially after the lapse of three years or more, by a showing, apart from the judgment roll itself, that it was based upon insufficient evidence.

The judgment is affirmed.

WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.