## WASHBURN et al. v. CULBERTSON et al.

No. 27444. Nov. 30, 1937.

Withdrawn, Corrected, Refiled, and Rehearing Denied Jan. 18, 1938.

Edwards & Robinson and Chas. H. Garnett, for plaintiffs in error.

J. Walker Field, Snyder & Lybrand, and Howard B. Hopps, for defendants in error.

RILEY, J. This is an appeal from an adverse judgment and decree in an action commenced in the district court of Oklahoma county, by plaintiffs in error against defendants in error, in ejectment and to quiet title to lots 5 and 6, in block 7, in Sunrise addition to Oklahoma City.

Plaintiffs deraigned their title by patent from the United States, and subsequent conveyance by deed to Earl R. Washburn, their father, and by inheritance from him to plaintiffs and Nina Washburn, as his only heirs, and by subsequent inheritance from Nina Washburn, who died April 13, 1931, leaving plaintiffs as her only heirs.

Defendant J. J. Culbertson, Jr., answered separately by general denial with admissions as to the chain of title down to Earl E. Washburn. He then alleged that after conveyance of the lots to Earl E. Washburn said lots were sold for delinquent taxes on November 20, 1920, to Oklahoma

county. That on April 18, 1923, William J. Williams acquired, by valid assignment, the tax sale certificate. That thereafter, on May 10, 1923, Williams gave Earl E. Washburn, or his unknown heirs, due and legal notice of intention to apply for a tax deed, and that upon the expiration of the 60 days a tax deed in due, regular, and lawful form was issued by the county treasurer to said William J. Williams. That thereafter, on March 6, 1925, William J. Williams instituted suit in the district court to quiet his title to said lots, and after due and regular service on the defendants in that action, including Earl E. Washburn if living, and if dead his unknown heirs, executors, administrators, etc., said William J. Williams recovered a judgment quieting his title, said judgment being entered June 20, 1925. He then pleaded subsequent conveyance from Williams to Louisa Davis; from Louisa Davis to G. A. Nichols, Inc., and from G. A. Nichols, Inc., to defendant J. J. Culbertson, Jr. The other defendants claim under Culbertson.

The answer of Culbertson further pleaded the judgment in the Williams case as a final adjudication of the title in Williams. He alleged exclusive, open, notorious, adverse, and peaceable possession, and that he was the owner in fee simple of said lots.

Plaintiff replied admitting the execution of the tax deed, but alleged it to be void because of alleged fatal defects appearing on the face thereof. They also admitted the rendition of the Williams judgment, and then alleged in substance that the judgment so obtained was wholly void, a nullity and of no legal effect: "for that the said court was without jurisdiction to render said judgment or any judgment, in said purported action, that would affect the rights and title of Earl E. Washburn, if living, or of his heirs, immediate or remote, or of his executors, administrators, trustees, devisees or assigns, if dead; and further: for that said court in said action had no jurisdiction over the person of any of said defendants therein, and had no jurisdiction over the subject matter of said action and so had no jurisdiction to render any judgment of any kind or character whatsoever therein."

This action was commenced April 1, 1936. July 1, 1936, Culbertson filed an amended answer asserting that plaintiffs' cause of action was barred by the statute of limitations, and particularly the third subdivision of section 99, O. S. 1931, and section 12763,

O. S. 1931. Judgment was rendered for defendants, and plaintiffs appeal.

Plaintiffs contend that the tax deed is and was void and that the judgment quieting title in Williams was void.

Defendants rely principally upon the claim that the judgment and decree quieting title in Williams is not void, and that their title acquired by mesne conveyances from Williams is valid as based upon said judgment.

If the judgment relied upon is not void upon the judgment roll, defendants' title is good and the judgment must be affirmed.

The only ground upon which plaintiffs contend the Williams judgment and decree is void is that the record does not disclose that an affidavit was filed in proof that a copy of the petition and a copy of the publication notice were mailed to the defendants within six days after the date of the first publication, and does not show the filing of an affidavit excusing failure to mail same.

Substantially the same question was decided by this court in Vinson v. Oklahoma City, 179 Okla. 590, 66 P. (2d) 933, and Weimer v. Augustana Pension & Aid Fund, 179 Okla. 572, 67 P. (2d) 436.

It must be borne in mind that the Williams judgment quieting title in him was entered June 20, 1925, and this action was commenced April 1, 1936. More than ten years had elapsed.

In Vinson v. Oklahoma City, supra, it is held:

"Where service is obtained by publication and journal entry of judgment recites that service is proper, judgment is not void on its face and attack on judgment for noncompliance with statutory requirement of mailing of copies of petition and publication notice can only be made under provisions of statute for vacation of judgment for mistake, neglect, or omission of clerk, or irregularity in obtaining judgment, and must be made within three years after rendition of judgment."

In Weimer v. Augustana Pension & Aid Fund, supra, it is held:

"Defendant held not entitled, more than three years after its rendition, to vacate judgment reciting that all of defendants had been served with summons and notice by publication as required by law, on ground that court was without jurisdiction because such defendant had not been served with

478

summons and no copy of petition or publication notice had been mailed to him."

The journal entry of judgment in the Williams case was introduced in evidence and is in the record (C.-M. p. 51). It contains the following:

"Thereupon, the court examined the files and records in said cause, and finds that service by publication has been had therein upon the said defendants, * * * Earl E. Washburn * * *, if living, or if they or any of them be dead, the unknown heirs, executors, administrators, devisees, trustees and assigns of such defendant deceased; and the court examined the affidavit for service by publication, notice by publication and proof of publication, on file in said cause, and finds the same legal and regular in all respects, and the court hereby approves the service by publication had upon said defendants."

Under the rule announced in the above cases, it cannot be said that the judgment and decree in the Williams case is void on the face of the judgment roll. It is suggested, however, in the reply brief that, inasmuch as the recital quoted mentions specifically the affidavit for service by publication, notice by publication, and proof of publication on file in said cause, it must be conclusively presumed that the approval of the service by publication was based solely thereon and that no other or further proof was taken concerning mailing copy of petition and notice, or excuse for failure to mail same. The contention is that the recital of itself shows affirmatively that the statute was not complied with and renders the judgment void on the face of the judgment roll. We cannot agree with this contention.

The judgment recites and shows that the court first inquired into its jurisdiction, as is the duty of every court, before proceeding to pronounce judgment. The fact that the court mentions the examination of certain specific instruments in support of jurisdiction does not exclude the presumption that the court inquired as to the existence of every other fact essential to jurisdiction.

"To assume that a court has proceeded to hear a controversy before determining that it had jurisdiction of the cause and the parties to the controversy would involve the presumption that the court had failed to do its duty, and such a presumption is never indulged." Western Lbr. & Mill Co. v. Merchant's Amusement Co. (Cal. App.) 108 P. 891.

An ambiguous or imperfect recital concerning jurisdictional matters will be so construed, if possible, to make it show jurisdiction. 34 C. J. 504.

The judgment roll does not affirmatively show that no affidavit was filed or no other proof was made excusing failure to mail a copy of the petition and publication notice.

Contention is made that the Williams judgment is void because it appears that 16 days had elapsed between the date the affidavit for publication was executed and the date of the first publication.

Cases are cited from other jurisdictions which apparently sustain the contention. Roosevelt v. Land & River Co., 108 Wis. 653, is the principal case. In most of the cases relied upon service by publication could be had only upon an order of the court based upon the affidavit, and in some of the cases the statute required that other matters be made to appear, that is, that the plaintiff had a valid cause of action against the party sought to be served. The validity of the judgment in most of the cases turned upon whether an unreasonable length of time had elapsed between the execution of the affidavit and publication. The courts differ upon the question of what is an unreasonable time.

Aherne v. Wa-Keeney Land & Inv. Co. (Kan.) 108 P. 842, is a case where 37 days intervened between the date when the affidavit was sworn to and when the order was made. It was there held that this lapse of time alone does not make the decree void. It was pointed out that the statute prescribes the facts which the affidavit shall contain and requires the court to inspect the same carefully and cause the truth thereof to be established. It is there said:

"When the court with all the facts before it adjudicates that the affidavit, both in form and substance, is in full compliance with the law, it may make an order directing that the defendants be notified by publication, prescribing the time such notice shall be published, when the defendants shall answer, and that the notice contain such other facts as the statute requires.

"When a judgment has been rendered upon service obtained in pursuance to such careful precautionary steps, it should not be lightly overthrown. The court had full jurisdiction to make the order requiring service by publication, and, however irregularly that jurisdiction may have been exercised, the order cannot be held to be void."

Section 184, O. S. 1931, provides for the affidavit to obtain service by publication, in-

cluding actions against unknown heirs. Section 185 provides how publication shall be made, and section 187 provides when the service shall be deemed complete, and also that: "No judgment by default shall be entered on such service until proof thereof be made, and approved by the court and filed."

There is no substantial difference between a law which requires the court to examine and approve the affidavit before granting the order for publication, and one which requires such examination, together with examination of the proof of publication and approval of all before entering a judgment by default.

This court has often held that where the journal entry of judgment recites as it did in the William's judgment that the court has "examined the affidavit for service by publication, notice by publication and proof of publication," and finds the same legal and regular in all respects, and approves the same, the judgment based thereon is not void on the face of the judgment roll. This is true though there may be irregularities which would justify an order quashing the service if timely applied for.

Claussen v. Amberg, 172 Okla. 197, 44 P. (2d) 92, is cited as applicable. This court has heretofore pointed out that a different rule applies in proceedings other than in a court of record.

The question being whether the delay was unreasonable, it follows that the trial court necessarily considered that question in connection with the examination of the affidavit and proof of publication notice. Necessarily the court held that under the circumstances the delay was not unreasonable, otherwise the court would not have approved the service by publication.

Other questions are presented, but since we have held that unless the William's judgment is void upon the face of the judgment roll plaintiffs cannot prevail, and since it does not so appear, the judgment is affirmed.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and DAVISON, J., absent.