Mattie H. WESTBROOK et al.,
Plaintiffs in Error,

v.

Frederick H. DIERKS, Devere Dierks and
John M. Craig, Trustee et al., De-
fendants in Error.

No. 36559.

Supreme Court of Oklahoma.

Nov. 1, 1955.

Rehearing Denied Jan. 10, 1956.

Long & Long, Pauls Valley, for plaintiffs in error.

Tom Finney, Idabel, for defendants in error.

HALLEY, Justice.

Mattie Westbrook and others, as surviving heirs of A. S. Ashby and wife, filed this action in the District Court of Le Flore County, against Frederick H. Dierks, and others as Trustees, hereinafter referred to as the Dierks' Trustees, and certain county officials, to quiet title to 160 acres of land in that county. We shall refer to the plaintiffs and defendants as they appeared in the trial court.

Plaintiffs alleged that the Dierks' Trustees were claiming some interest in the land under a void tax deed, tendered all taxes due, and prayed that their land be quieted, for possession and for a money judgment for the use of the land while occupied by the Dierks' Trustees. The Dierks' Trustees answered by general denial and alleged that the resale tax deed under which they held title was valid; admitted possession for approximately six years, and pled that the plaintiffs were barred by the applicable statute of limitations.

The Dierks' Trustees further alleged that in 1945, they filed an action to quiet their title to this land and after service by publication on June 18, 1945, obtained a default judgment against the plaintiffs quieting their title as against plaintiffs, their heirs, successors and assigns. A copy of the decree of June 18, 1945, was attached to the answer of the Dierks' Trustees.

Plaintiffs filed a reply and alleged that they knew nothing of the judgment of June 18, 1945, quieting title to the land in the Dierks' Trustees, until their answer was filed; that such judgment was void because: (a) no affidavit was filed therein in lieu of mailing copy of notice and petition to defendants; (b) there was no affidavit showing that defendants were not residents of LeFlore County or the State of Oklahoma, and that defendants here and their attorney then knew that one defendant was then a resident of LeFlore County, one a resident of Pushmataha County and one a resident of Pontotoc County; (c) that such affidavit does not allege any diligence on the part of plaintiffs in that action as to why service could not be had upon defendants within the counties of their residence or the State of Oklahoma where they then resided; (d) that plaintiffs could have learned the record owners of the land by an inspection of the county records or by inquiring of county officials of LeFlore County.

It was further alleged that the judgment in favor of the Dierks' Trustees was illegal, fraudulent and void because by the exercise of ordinary diligence, the Dierks' Trustees could have learned that three of the defendants in that action lived in the counties mentioned, but that no copies of notice or petition were mailed to any of such defendants.

The Dierks' Trustees moved to strike all of the pertinent portions of the reply and demurred thereto. This motion to strike was sustained, and plaintiffs moved to vacate the order striking their reply and asserted that their reply was not a collateral attack upon the judgment of June 18, 1945, but was a direct attack upon such judgment. This motion of plaintiffs to vacate orders striking their reply was denied.

The case was set for trial and after both parties made their opening statements and plaintiffs had called their first witness, the Dierks' Trustees objected to the introduction of any testimony and moved for judgment on the pleadings and opening statement of counsel, which was not set out in the record.

The court sustained this motion and judgment was entered decreeing that the judgment of June 18, 1945, quieting title in the Dierks' Trustees was a bar to plaintiffs in this action, and that plaintiffs at-

tack on such judgment in the present action was a collateral attack and rendered judgment for the Dierks' Trustees. The plaintiffs have appealed.

The questions presented here are: Was the judgment of June 18, 1945, void on the face of the judgment roll? Was the judgment void because obtained by fraud and if so, has the statute of limitations run on the right to vacate?

The journal entry entered June 18, 1945, recites in regard to service by publication as follows:

"* * * and the defendants failing to appear either in person or by counsel are three times called in open court to appear, plead, demur or answer the Petition herein, came not, but each and all of the said defendants make default herein, and it appearing and the court finding from an examination of the affidavit to obtain service of summons herein by publication upon *upon* the said defendants, named, unnamed, known and unknown, and their unknown heirs, executors, administrators, devisees, assigns, grantees, successors, creditors, or trustees; the publication notice to all of the said defendants duly issued and published herein; the proof of the due and proper publication of the said notice; and the affidavit in lieu of mailing copies of the Petition and Notice of Publication to the said defendants, all having been duly and timely filed herein, are in all things regular and sufficient and that this is an action in which such service by publication upon the said defendants may be legally obtained, and the Court finds, concludes and adjudges that the said service by publication herein upon all of the said defendants is good and sufficient and should be, and the same is approved by the Court, and that all resident defendants have been duly served with proper process herein."

It will be noted that in approving the service by publication where judgment was rendered June 18, 1945, the court does not specifically find that the affidavit to obtain service by publication stated that defendants there were nonresidents of Oklahoma or that with due diligence they were unable to make service of summons within the State. Section 171, 12 O.S. 1951, provides in part as follows (since amended Laws 1953, p. 50, § 2):

"Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons within the State upon the defendant to be served by publication, and showing that the case is one of those mentioned in the preceding Section. When such affidavit is filed the party may proceed to make service by publication. * * *"

However, the court did clearly approve the service by publication. In Davis v. Rowland, 206 Okl. 257, 242 P.2d 716, 717, the rule is stated in the fourth paragraph of the syllabus as follows:

"An affidavit filed for the purpose of obtaining service by publication in which it is not stated that the defendant is a nonresident of the State of Oklahoma and does not state that service could not have been had upon the defendant within the State of Oklahoma, is insufficient to support service by publication."

The Dierks' Trustees cited the cases of Washburn v. Culbertson, 181 Okl. 476, 75 P.2d 190, Woodley v. McKee, 101 Okl. 120, 223 P. 346, and other cases. In the Washburn v. Culbertson case, supra, the general rule is announced in the first paragraph of the syllabus as follows:

"Where service is obtained by publication and the journal entry of judgment recites that service is proper, the judgment is not void on its face, and an attack on the ground that there was no mailing of copy of the petition and publication notice or affidavit filed excusing same, as required by section 186, O.S.1931, 12 Okl.St.Ann. § 172, can only be made under the third subdivision of section 556, O.S.1931, 12 Okl.St.Ann. § 1031, subd. 3, and must be made within three years after the rendition of

the judgment as provided in section 563, O.S.1931, 12 Okl.St.Ann. § 1038."

The judgment roll was defined by us in Leonard v. Tulsa Building & Loan Ass'n, 184 Okl. 558, 88 P.2d 875, as consisting of the petition, process, return, pleadings subsequent thereto, reports, verdict, orders, judgments, and other material acts and proceedings of the court. We held in Morgan v. Karcher, 81 Okl. 210, 197 P. 433, that a judgment is void on its face when the judgment roll shows that the court lacked jurisdiction over the person, subject matter, or lacked judicial power to render the particular judgment.

■ In the recent case of Faulkner v. Kirkes, Okl., 276 P.2d 264, the Court had under consideration the question of whether a judgment was void upon the face of the judgment roll, rendering it subject to attack at any time either directly or collaterally. In the body of the opinion on page 265, it was said:

"* * * If the affidavit for service by publication does not comply with the requirements of the statute, the court obtained no jurisdiction over the person of William D. Faulkner and the judgment as to him is void. Cordray v. Cordray, 19 Okl. 36, 91 P. 781; Davis v. Rowland, 206 Okl. 257, 242 P.2d 716; Walters v. Weaver, 204 Okl. 72, 226 P.2d 931."

And it was further said on page 266:

➤ "* * * The statute setting forth the requirements of the affidavit for service by publication must be strictly complied with and where the affidavit does not comply with the statute the service and the judgment based thereon are void. The affidavit was not sufficient to confer jurisdiction and this fact shows on the face of the record."

Washburn v. Culbertson, supra, is distinguishable from the foregoing case and the case at bar in that in it, it was not urged that it was void on the face of the judgment roll.

■ Section 1038, 12 O.S.1951, provides that where a judgment is attacked upon the ground of fraud, it must be attacked within two years from the discovery of the fraud, or within two years from the date such fraud should have been discovered by the exercise of reasonable diligence.

The Dierks' Trustees present no argument or authorities with respect to plaintiffs' allegation that the judgment of June 18, 1945, was fraudulently obtained. It is not disputed that plaintiffs knew nothing of the judgment until it was plead by the Dierks' Trustees in their answer in the present case. Plaintiffs would not be barred from attacking the judgment on the ground of fraud.

The court refused to admit any evidence whatever but based his decision solely upon the ground that the judgment being attacked was not void upon the face of the record and that the attack was collateral.

With the record before us we are unable to determine with certainty whether the judgment attacked is void on the face of the judgment roll or record. The complete judgment roll is not before us. Only the journal entry is included in the record. If the judgment is not shown to be void upon the record or judgment roll, then it can only be attacked directly and the judgment of the trial court would be correct.

■ We think the court erred in denying the plaintiffs an opportunity to introduce such evidence as they desired to sustain their allegations as to the insufficiency of the affidavit to obtain service by publication and also their allegations of fraud. If the allegations were supported by competent evidence as to the judgment roll, then the judgment of June 18, 1945, was void upon the face of the record and subject to direct or collateral attack.

The judgment is reversed with directions to grant the plaintiffs a new trial in accordance with the views herein expressed.

JOHNSON, C. J., and WELCH, DAVISON, JACKSON and HUNT, JJ., concur.

WILLIAMS, V. C. J., and CORN, J., dissent.