Dear Representative Cooksey
¶ 0 This office has received a request from your predecessors, Representatives Wayne Pettigrew and Raymond Vaughn, for an official Attorney General Opinion in which they asked, in effect, the following question:
 The 2004 Legislature passed several measures directing the payment of monies to the Trauma Care Assistance Revolving Fund for violation of various Oklahoma Statutes, such as transporting intoxicating beverages, driving without a license, and possession of controlled dangerous substances. Are municipal courts required to collect like funds payable to the Trauma Care Assistance Revolving Fund from persons found guilty of violating similar municipal ordinances?
 The Trauma Care Assistance Revolving Fund
¶ 1 In 1999, the Oklahoma Legislature created the "Trauma Care Assistance Revolving Fund."[1] It is a State Department of Health fund used primarily to reimburse recognized trauma facilities, licensed ambulance service providers and physicians for uncompensated trauma care expenditures. 63 O.S. Supp. 2004, § 1-2530.9[63-1-2530.9](A)(1). The fund seeks to maximize federal matching funds. Id.
 The 2004 Legislation
¶ 2 During the 2004 legislative session, the Oklahoma Trauma Systems Improvement and Development Act ("Act") was enacted.[2] The Act delegated to the State Board of Health authority to "promulgate rules establishing minimum standards and objectives to implement the development, regulation and improvement of trauma systems on a statewide basis." 63 O.S. Supp. 2004, § 1-2530.3[63-1-2530.3](A). An advisory council was created to make recommendations to the State Department of Health.[3]
Regional trauma advisory boards consisting of licensed hospitals and ambulance service providers were established with statutory duties and responsibilities.[4] A review committee was created to "conduct periodic reviews of trauma patient care and to review continuous quality improvement activities of the regional trauma advisory boards."Id. § 1-2530.6(A). The State Department of Health now certifies trauma transfer and referral centers in large metropolitan centers.[5] The "Trauma Care Assistance Revolving Fund" statute was amended and then recodified to expand the services eligible for reimbursement.[6]
¶ 3 In 2004 various criminal statutes were amended to provide additional sources of funding for trauma care.[7] Under the amendments, persons convicted of specified crimes are required to pay a special assessment fee into the Trauma Care Assistance Revolving Fund. See id. The special assessment trauma care fee must be paid by persons convicted of the following crimes:
 1. Transporting open containers of intoxicating beverages or low point beer (21 O.S. Supp. 2004, § 1220[21-1220](B));
 2. Driving while license under suspension or revocation (47 O.S. Supp. 2004, § 6-303[47-6-303](G));
 3. Misdemeanors under the Highway Safety Code (47 O.S. Supp. 2004, § 17-101[47-17-101](F));
 4. Felonies under the Highway Safety Code (47 O.S. Supp. 2004, § 17-102[47-17-102](C));
 5. Uniform Controlled Dangerous Substances Act Prohibited Acts A (63 O.S. Supp. 2004, § 2-401(I));
 6. Uniform Controlled Dangerous Substances Act Prohibited Acts B (63 O.S. Supp. 2004, § 2-402[63-2-402](D));
 7. Uniform Controlled Dangerous Substances Act Prohibited Acts D (63 O.S. Supp. 2004, § 2-404[63-2-404](D));
 8. Uniform Controlled Dangerous Substances Act Prohibited Acts E (63 O.S. Supp. 2004, § 2-405[63-2-405](F));
 9. Uniform Controlled Dangerous Substances Act Prohibited Acts F (63 O.S. Supp. 2004, § 2-406[63-2-406](D));
 10. Uniform Controlled Dangerous Substances Act Prohibited Acts G (63 O.S. Supp. 2004, § 2-407[63-2-407](F));
 11. Uniform Controlled Dangerous Substances Act Prohibited Use of Compounds, Liquids, or Chemicals (63 O.S. Supp. 2004, § 2-407.1[63-2-407.1](F));
 12. Trafficking in Illegal Drugs Act Unlawful Acts (63 O.S. Supp. 2004, § 2-415[63-2-415](E)).
¶ 4 You ask, in essence, whether municipal courts are required to collect funds payable to the Trauma Care Assistance Revolving Fund from persons found guilty of violating municipal ordinances similar to these crimes. To answer the question, an analysis of the jurisdiction of municipal courts is necessary.
 Municipal Courts
¶ 5 The authority for the judiciary in Oklahoma is found in the Oklahoma Constitution, which provides in relevant part:
 Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.
Okla. Const. art. VII, § 1 (emphasis added). The Oklahoma Legislature has created two types of municipal courts in Oklahoma. The first is a municipal court not of record.[8]
A municipal court not of record "shall have originaljurisdiction to hear and determine all prosecutions wherein aviolation of any ordinance of the municipality where the court isestablished is charged." 11 O.S. 2001, § 27-103[11-27-103] (emphasis added). The second type of municipal court in Oklahoma is a municipal criminal court of record[9] which:
 [S]hall have original jurisdiction to hear and determine all prosecutions when a violation of any of the ordinances of the city where the court is established is charged, as provided by Article VII, Section 1 of the Oklahoma Constitution.
11 O.S. 2001, § 28-102[11-28-102](A) (emphasis added). Additionally, under certain conditions, municipal courts may have jurisdiction over certain juvenile proceedings.[10] However, funds generated from a juvenile proceeding can only be used for specific statutory purposes, not relevant to your inquiry.[11]
¶ 6 In summary, both municipal courts of record and municipal courts not of record have jurisdiction to hear only those cases and controversies that arise due to a violation of a municipal ordinance, including in some instances violations of municipal ordinances by a minor.
 Analysis
¶ 7 The 2004 amendments at issue require that those convicted of violating specified State statutes pay a special assessment trauma care fee. Jurisdiction to hear such cases lies in the District Courts of Oklahoma. See Okla. Const. art. VII, § 7(a);Samuels v. Granite Sav. Bank Trust Co., 1 P.2d 145, 147
(Okla. 1931). Municipal courts do not have jurisdiction to hear these matters. Municipal courts only have jurisdiction over "criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances." Okla. Const. art. VII, § 1. The special assessment trauma care fee must only be paid by those convicted of violating specified state statutes. There is no requirement that the special assessment fee be paid by those who violate city ordinances or regulations. Therefore, municipal courts are not required to collect monies for the Trauma Care Assistance Revolving Fund under the 2004 Legislation, as municipal courts lack the jurisdictional power to try cases involving the State statutory crimes to which the special assessment trauma care fee attaches.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Both municipal courts of record and municipal courts not of record have jurisdiction to hear only those cases and controversies that involve municipal ordinances, including in some instances violations of municipal ordinances by a minor. Okla. Const. art VII, § 1; 11 O.S. 2001, §§ 27-103, 28-102(A); 10 O.S. 2001, § 7303-1.2[10-7303-1.2](E), (F). Subject to limitation on fees from certain juvenile proceedings, municipal courts of record and municipal courts not of record may only collect fines established by ordinance. 10 O.S. 2001, § 7303-1.2[10-7303-1.2](F).
 2. The 2004 legislation requiring the payment of monies to the Trauma Care Assistance Revolving Fund for violations of Oklahoma Statutes is subject to the general jurisdiction of District Courts. Okla. Const. art VII, § 7(a).
 3. Neither municipal courts of record nor municipal courts not of record are required to collect statutory fees for the benefit of the Trauma Care Assistance Revolving Fund. Okla. Const. art VII, § 1; 11 O.S. 2001, §§ 27-103, 28-102(A).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] See 1999 Okla. Sess. Laws ch. 278, § 1 (originally codified at 63 O.S. Supp. 1999, § 330.97[63-330.97]; current version at 63 O.S. Supp. 2004, § 1-2530.9[63-1-2530.9]).
[2] See 63 O.S. Supp. 2004, §§ 1-2530-1-2530.9.
[3] Title 63 O.S. Supp. 2004, § 1-2530.4[63-1-2530.4](A) created the "Oklahoma Trauma Systems Improvement and Development Advisory Council."
[4] 63 O.S. Supp. 2004, § 1-2530.5[63-1-2530.5](B).
[5] 63 O.S. Supp. 2004, § 1-2530.8[63-1-2530.8](A).
[6] See 63 O.S. Supp. 2004, § 1-2522[63-1-2522] (recodified at 63 O.S. Supp. 2004, § 1-2530.9[63-1-2530.9]).
[7] See 2004 Okla. Sess. Laws ch. 386, §§ 1-4; 2004 Okla. Sess. Laws ch. 387, §§ 1-4; 2004 Okla. Sess. Laws ch. 396, §§ 1-12.
[8] 11 O.S. 2001, § 27-101[11-27-101].
[9] 11 O.S. Supp. 2004, § 28-101[11-28-101](A).
[10] See 10 O.S. 2001, § 7303-1.2[10-7303-1.2](A).
[11] 10 O.S. 2001, § 7303-1.2[10-7303-1.2](F).