## AGGERS v. BRIDGES.

No. 1484.   Opinion Filed March 12, 1912.

(122 Pac. 170.)

APPEAL AND ERROR—Notice by Publication—Sufficiency.  Notice by publication was given as provided by section 5614, Comp. Laws 1909 (section 4278, Wilson's Rev. & Ann. St. 1903), with the exception that the time stated in said notice by which the defendant was to answer was only 36 days from the date of the first publication.  The defendant appeared specially, and moved to quash the publication notice on the ground that such time should not be less than 41 days.  This motion was overruled.  **Held,** to be reversible error.

(Syllabus by the Court.)

*Error from Creek County Court;*
*Josiah G. Davis, Judge.*

Action by Gladys Bridges against W. A. Aggers. Judgment for plaintiff, and defendant brings error. Reversed.

*R. P. Elliott* and *J. R. Ramsey,* for plaintiff in error.

WILLIAMS, J.   The publication notice is as follows:

"State of Oklahoma, Creek County—ss.:   In the County Court in and for said County and State.   Gladys Bridges, Plaintiff, vs. W. A. Aggers, Defendant.   Said defendant, W. A. Aggers, will take notice that he has been sued in the above named court upon an open account for board bill and on account of team work and must answer petition filed therein by said plaintiff on or before the 26th day of December, 1908, or said petition will be taken as true and judgment for said plaintiff for $225.50 and the attachment therein had and granted will be rendered accordingly.   Thompson & Smith & Wm. Jenkins, Attorneys for Plaintiff.   Attest:   Florence E. Cox, Clerk of said Court."

Said notice was published in the Sapulpa Light, a weekly newspaper printed and published in said county, the first publication being made on the 20th day of November, 1908, and the last on December 4, 1908, being for three consecutive weeks. Section 4278, Wilson's Rev. & Ann. St. 1903 (section 5614, Comp. Laws 1909), is as follows:

"The publication must be made three consecutive weeks, in some newspaper printed in the county where the petition is filed, if there be any printed in such county; and if there be not, in some newspaper printed in the territory, of general circulation in that county.   It shall state the court in which the petition is filed, the names of the parties, and must notify the defendants thus to be served that he or they have been sued and must answer the petition filed by the plaintiff, on or before a time to be stated (*which shall not be less than forty-one days from the date of the first publication*), or the petition will be taken as true, and judgment, the nature of .which shall be stated, will be rendered accordingly."

The defendant, by special appearance, moved to quash this publication notice, on the ground that the time stated in the notice by which the defendant must answer or the petition would be taken as true was less than 41 days from the date of the first publication.   This contention seems to be sound.   The plain letter of the statute is that when a party cannot be brought in by the service of .a summons personally in a proper case he may be brought in constructively by a publication notice, and that said notice shall state the time by which he must plead to the plaintiff's petition, and that that time shall not be less than 41 days from the

date of the first publication. This was not complied with in this notice.

We are very loath to reverse cases on defects in procedure, but these statutes are in force by the acts of the sovereign people, and no court has a right to suspend the law thus solemnly enacted. Section 4344, Wilson's Rev. & Ann. St. 1903 (section 5680, Comp. Laws 1909), provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

But this is a substantial right that is taken away from this defendant. Under the solemn mandate of the sovereignty, the publication notice must give him not less than 41 days from the date of the first publication in which to answer. This notice fails to do that, only giving 36 days. The defendant, having entered a special appearance for such purpose, properly saved his right to insist on this violation of the statute that affected his substantial rights. *Mortgage Trust Co. of Pennsylvania v. Norris,* 8 Kan. App. 699, 54 Pac. 283; *Lindsey v. Board,* 56 Kan. 630, 44 Pac. 603; *Spaulding et al. v. Polley,* 28 Okla. 764, 115 Pac. 864, and authorities therein cited.

It follows that the judgment of the lower court must be reversed.

All the Justices concur.