## DAVIS v. ROWLAND.

No. 33872.  April 1, 1952.

*242 P. 2d 716.*

Sigler & Jackson and Paul Frame, Ardmore, for plaintiff in error.

George & George and James M. Sandlin, Ardmore, for defendant in error.

DAVISON, J. This is an appeal by A. D. Davis, the plaintiff below, from an order of the district court of Carter county, Oklahoma, vacating, upon motion of Ida May Rowland, individually, and as executrix of the estate of W. H. Rowland, deceased, its former judgment quieting the title of said plaintiff in certain lands, as against the said Rowlands and others, as defendants.

On June 21, 1946, judgment was rendered quieting the resale tax title of A. D. Davis to all of a 140-acre tract of land in Carter county, Oklahoma, except for an outstanding 3/14 undivided interest in the oil, gas and other minerals underlying the same. W. H. Rowland and his wife, Ida May Rowland, were two of the many defendants therein. Service of summons was attempted to be had upon the Rowlands by publication and the judgment was by default. On September 1, 1948, Ida May Rowland, individually, and as executrix of the estate of W. H. Rowland, deceased, filed a motion to vacate the judgment because of the invalidity of the service by publication. On September 9, 1948, the motion was sustained and the judgment vacated. From that order Davis has perfected this appeal.

Plaintiff in error argues that movant, Ida May Rowland, did not offer evidence to prove her capacity and authority as executrix of her deceased husband's estate although the burden was upon her to do so. Such argument is unfounded. The motion to vacate alleged her representative capacity, of which there was no verified denial. Section 286 of Title 12, O. S. 1941, provided that the "appointment of authority *** shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." The Supreme Court of Kansas, in construing that section prior to its adoption by this state, held that an unverified answer did not put in issue the alleged appointment and authority of an administrator. Reed v. Sexton's Adm'rs, 20 Kan. 195. The same conclusion has been reached by this court as to the appointment and authority of guardians in the cases of Tate v. Stone, 35 Okla. 369, 130 P. 296, and Kerr v. KcKinney, 69 Okla. 88, 170 P. 685.

Plaintiff in error also contends that the sufficiency of the publication service could not be raised in a collateral attack on the judgment. That question, however, need not be determined because it could have no application herein. The motion of the defendant in error was a direct attack on the judgment. In the case of City of Clinton ex rel. v. Cornell, 191 Okla. 600, 132 P. 2d 340, this court so held. It was there said:

"The attack on the judgment is by petition to vacate the same. Thus the attack is direct as distinguished from collateral. That is, the proceeding before us is one designed primarily to defeat the judgment as distinguished from one in which its validity or existence is incidental."

The effect of the order, from which this appeal was perfected, was to vacate and nullify the judgment of June 21, 1946, after the term at which it was rendered. The validity of that judgment depended upon the proper service of process on the movant and her decedent which was attempted to be had by publication.

This court has consistently followed the rule announced and followed by

the Territorial Court in the cases of Romig v. Gillett, 10 Okla. 186, 62 P. 805, and Cordray v. Cordray, 19 Okla. 36, 91 P. 781, which is stated in the last-cited case as follows:

"Where publication is relied on and jurisdiction is sought to be obtained of the defendant in an action by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and, in order to obtain jurisdiction of the defendant in such case, both the affidavit for publication and the publication notice must comply with the provisions of the statute."

A recent reapproval of the rule was in the case of Walters v. Weaver, 204 Okla. 72, 226 P. 2d 931.

The affidavit to obtain such service after outlining the deraignment of plaintiff's title was as follows:

"Affiant further states that this is one of the class of cases prescribed by the Statutes of the State of Oklahoma by which service by Publication may be had;

"Affiant further states that neither the Plaintiff nor this affiant know, or with due dilligence can ascertain- the whereabouts, resident or business address and is unable to make a sevice of summons within the State of Oklahoma upon the Defendants, the unknown heirs, executors, administrators, devisees, trustees or assigns, and that the Plaintiff desires to make service in this action upon the defendants: Samuel Jefferson Adams, H. Swanson known as H. Swansen and Tilitha Swanson, W. H. Rowland, Ida May Rowland, Ira J. Young, Pearl May Young, W. B. Kern and Autie E. Kern, if living and if either dead, upon their unknown heirs, executors, administrators, d e v i s e e s, trustees and assigns, immediate and remote, known and unknown. Affiant further states that summons can be served on The Board of County Commissioners of Carter County Oklahoma, The County Treasurer of Carter County Oklahoma and the Oklahoma Tax Commission, State of Oklahoma, Oklahoma City, Oklahoma.

"Affiant states that Plaintiff has filed his petition praying that a Judgment be entered decreeing him to be the owner of above lands, fee simple title as well as a undivided 11/14th interest in the minerals."

This affidavit states nothing with regard to the defendants, Ida May Rowland and W. H. Rowland other than that "the Plaintiff desires to make service in this action upon" them "if living and if either dead, upon their unknown heirs, etc." The required allegations in the affidavit for service by publication are contained in 12 O.S. 1951 §§170 and 171, ·and in the case of Richardson v. Howard, 51 Okla. 240, 151 P. 887, this court enumerated them as follows:

"(a) If the defendant is a nonresident, and the plaintiff has neither knowledge nor reason to think he may be served within the state, it is not necessary that the affidavit for publication should show any active diligence or effort to serve him within the state.

"(b) If the element of nonresidence of the defendant be absent, the affidavit for publication must either specifically show, as due diligence, proper active effort to find and serve him within the state or specific facts showing that such effort would necessarily be futile.

"(c) In all cases it must be shown, and be true in fact, that the plaintiff, with due diligence is unable to make service of summons upon the defendant within the state."

In the case of Fenton v. Burleson, 33 Okla. 230, 124 P. 1087, service by publication was attempted to be had on the defendant. The affidavit therein stated that the defendant was a nonresident of the State of Oklahoma and was a resident of the State of Indiana, but failed to state that service of summons could not be had upon the defendant within the State of Oklahoma. The affidavit was held to be fatally defective. It was there said:

"The statement contained in the affidavit that 'service cannot be had upon him within the state' is just the essential qualification lacking in the affidavit before us. This affidavit states that the said defendant is a nonresident

of the state of Oklahoma, and is a resident of the state of Indiana, but it does not state nor is there any fact averred from which it can be inferred that personal service upon him could not have been made within the state. The defendant might have been a non-resident of the state of Oklahoma, and resident of any other state, and yet he may have been personally present in the county all of the time during which plaintiff was seeking to get service, and may have been known to have been so present not only to the plaintiff, but to the sheriff, and all the parties interested. This condition must be negatived to give jurisdiction."

The cases cited by plaintiff in error are not applicable because of entirely different factual backgrounds. In the case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681, the affidavit alleged that the defendant was a nonresident of the state and that plaintiff was unable to make service of summons on defendant in Oklahoma. The only allegation of the statute which was omitted was that of due diligence. The case of Smith v. Head, 192 Okla. 216, 134 P. 2d 973, involved the sufficiency of an affidavit for service by publication of a notice of application for tax deed. The opinion pointed out the difference between that procedure and an action in a court. Therein the case of Pettis v. Johnston, supra, was cited to the effect that if, in an action in a court, the journal entry "recites that affidavit and proof of publication has been examined and approved by the court, there is in effect an adjudication that there has been compliance with the statute and the judgment is valid *unless the judgment roll affirmatively negatives the effect of the recital*." In the case of Ritchie v. Keeney, 181 Okla. 207, 73 P. 2d 397, "an examination of the affidavit to obtain service by publication discloses that the positive statement is made therein that service of summons could not with due diligence be made upon the defendant, Ritchie, within the State of Oklahoma."

In the case at bar the judgment roll, which includes the affidavit for service by publication, does negative the recital in the judgment in that the allegation in the affidavit of inability to serve summons in the State of Oklahoma was made only as to "the defendants, the unknown heirs, executors, administrators, devisees, trustees and assigns." preted to include the defendants, W. H. This could not in any way be interpreted to include the defendants, W. H. Rowland and Ida May Rowland. There was no statement that the Rowlands were nonresidents of this state and there was no statement that service of summons could not be had upon them in the state. Lacking these averments it was fatally defective and the court acquired no jurisdiction to render the judgment quieting title against them. Therefore, the trial court was warranted in vacating the same upon motion of defendant in error.

The order vacating judgment is affirmed.

HALLEY, V.C.J., and CORN, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in result. WELCH, J., dissents.