Carrie Fast ZIPPERLE and S. J. Sarkeys, Plaintiffs in Error,

v.

Minnie Willis SMITH, Guardian of Katie Willis Kelly, an incompetent, Defendant in Error.

No. 37208.

Supreme Court of Oklahoma.

Nov. 20, 1956.

Homer Cowan, Norman, for plaintiffs in error.

F. M. Bookstore, Oklahoma City, for defendant in error.

HALLEY, Justice.

This is an action by Minnie Willis Smith, as guardian of Katie Willis Kelly, an incompetent, to vacate a default judgment rendered on service by publication by the District Court of Cleveland County, Oklahoma, on July 21, 1948, foreclosing a tax lien on land in that County which had been sold for 1946 taxes to the County. A tax certificate was issued and later assigned to Ted Smith, who paid the 1946 taxes and applied for a tax deed based upon the tax certificate held by him. The title to the land involved stood in the name of the above incompetent, except as to certain mineral interests.

We shall first relate what occurred up·to the rendition of the judgment here sought to be vacated. Carrie Fast Zipperle, who claimed a ten-acre interest in the minerals, redeemed the land from the re-sale tax certificate held by Ted Smith by paying all taxes, interest and costs due. She is alleged to have done this to protect her interest in the minerals by preventing Ted Smith from securing a full title to the land.

Carrie Fast Zipperle claimed that since she owned only an interest in the minerals, her payment of taxes and· costs entitled her to a lien upon the land to secure her for the amount so paid by her, and which should have been paid by the surface owner. She filed an action to foreclose her lien and prayed for judgment for the amount paid by her and for a foreclosure of her lien, and that the land be sold to satisfy her judgment. In her foreclosure action the defendants are named as "Katie Willis, Katie Beckham, Katie Willis Beckham, J. A. Kent, Edna B. Butler, Frank Fast and

Irene Wooldridge," their unknown heirs, etc. The guardian of Katie Willis Kelly was not made a party defendant.

Service was had by publication upon the affidavit of the attorney for plaintiff. Notice by publication was dated April 29, 1948, and the first publication was made on that date. The notice required the defendants to answer " * * * on or before the 11th day of May, 1948," being only twelve days from the date of first publication.

Judgment was rendered for the plaintiff for taxes and costs paid by her in the sum of $26.82, plus costs and an attorney fee of $250, and this judgment was impressed as a lien against the land, and provided that if the judgment was not paid, the sheriff should levy upon the land, have it appraised and sold to satisfy the judgment in favor of the plaintiff Carrie Fast Zipperle. The court approved the service by publication.

The judgment was not paid and execution and order of sale were issued and sheriff's sale was had, and was confirmed December 3, 1948, and the sheriff ordered to execute a deed to the purchaser, S. J. Sarkeys, one of the defendants in the present action to vacate the above judgment. The foregoing proceedings were had in case No. 15,311 in the District Court of Cleveland County and the present action by the guardian of the incompetent to vacate the judgment was filed in the same case.

On October 9, 1952, Minnie Willis Smith, guardian of Katie Willis Kelly, filed a petition to vacate the foreclosure judgment above described and alleged in substance as follows:

That on October 23, 1946, Katie Willis Kelly was adjudged an incompetent and ordered confined in the State Hospital for the Insane at Norman, Oklahoma, and a guardian was appointed for her person and property, and that she has at all times since been incompetent, so confined and under guardianship.

That the incompetent owned the land above described, and on April 29, 1948, Carrie Fast Zipperle, claiming to own an interest in the minerals in said land, and having paid certain taxes assessed against the land, for which she claimed a lien, filed a foreclosure action and secured a judgment of foreclosure, resulting in the sale of the land to S. J. Sarkeys on November 22, 1948, who secured a sheriff's deed for the land.

That the above proceedings and judgment and sale were void because neither Katie Willis Kelly nor her guardian were made parties therein; because no service of process was had except by publication which was void because the affidavit to obtain service by publication was false and fraudulent; that Katie Willis Kelly had been adjudged incompetent and a guardian appointed for her person and estate, and because no tax assessment may be enforced against an incompetent under the laws of Oklahoma.

She made a continuing tender of all taxes paid, penalty, interest and costs to any person having made such payments. Her prayer was that the foreclosure judgment and all proceedings had thereunder be vacated and that her title to the land involved be quieted.

S. J. Sarkeys filed a general denial, except an admission that the property was sold to him November 22, 1948, and that he received a sheriff's deed therefor.

Before the court rendered judgment the parties stipulated that copies of the records of the County Court of Oklahoma County wherein Katie Willis Kelly was adjudged an incompetent and a guardian appointed might be entered as evidence. They also agreed that "Katie Willis, Katie Beckham and Katie Willis Beckham" named as defendants in the tax lien foreclosure action were one and the same person as Katie Willis Kelly who is seeking a vacation of that judgment. Also, that prior to the foreclosure judgment sought to be vacated Katie Willis Kelly was the record owner of the land involved, subject to certain mineral interests not necessary to be determined in this case. That copies of all proceedings in that foreclosure action might be made a part of the record and

that S. J. Sarkeys' sole claim to the land is based upon the sheriff's deed issued to him in the tax lien foreclosure action.

On August 1, 1955, the court found that the judgment of July 21, 1948, foreclosing the tax lien of Carrie Fast Zipperle and ordering the land sold to satisfy the judgment was wholly void in so far as it affects Katie Willis Kelly, an incompetent, and decreed that the same be vacated; that Katie Willis Kelly is the owner of the surface of the East Half of the Northwest Quarter, Section 20, 10N–1W, Cleveland County, Oklahoma, and an undivided one-half interest in the minerals, and as to the other parties involved, such judgment was affirmed.

■ The plaintiff in error contends that the defendant in error did not proceed properly to vacate the judgment in question. He points out that since the petition or motion to vacate was filed after the term in which the judgment was rendered, she should have commenced a completely new suit or action. We do not agree. In Grayson v. Stith, 181 Okl. 131, 72 P.2d 820, 114 A.L.R. 276, it is said in the first paragraph of the syllabus:

"Proceedings under section 558 and the seventh subdivision of section 556, O.S.1931 (12 Okl.St.Ann. § 1033 and § 1031, subd. 7), are in the nature of an independent action and may be instituted in the action in which the judgment sought to be vacated is rendered, or by an independent action."

■ It is claimed that because no defense is alleged or proved to the original judgment the court abused its discretion in vacating the foreclosure judgment as ·it affected Katie Willis Kelly, an incompetent. This necessitates a determination of whether the judgment sought to be vacated is void or merely voidable. It is well established that a judgment which is void on the face of the judgment roll may be set aside at any time by a person affected thereby, either directly or collaterally. The general rule that a valid defense must be pleaded before a judgment may be set aside is not applicable where a judgment is void on the face of the judgment roll. In Magnolia Petroleum Co. v. Young, Okl., 264 P.2d 757, it is announced in the second paragraph of the syllabus:

"Where a defect fatal to the court's jurisdiction is reflected in the judgment roll, the judgment is void on its face and may be set aside at any time upon either direct or collateral attack."

In Faulkner v. Kirkes, Okl., 276 P.2d 264, 265, it is said:

"A judgment void on the face of the judgment roll may be attacked at any time, either directly or collaterally."

No attempt was made to comply with Section 321, 43A O.S.1951, which provides for service of process upon persons confined to mental hospitals. McGill v. McGill, 189 Okl. 3, 113 P.2d 826.

■ When the petition for foreclosure of tax lien was filed on April 29, 1948, an affidavit for service by publication was filed on the same day. The notice by publication required an answer on or before May 11, 1948, being only twelve days after the filing of the foreclosure action. Under 12 O.S.1951 § 173, this was defective because forty-one days was required. See also Aggers v. Bridges, 31 Okl. 617, 122 P. 170. In Davis v. Rowland, 206 Okl. 257, 242 P.2d 716, 717, it is said in the third paragraph of the syllabus:

"Where jurisdiction of the defendant in an action is sought to be obtained by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and, in order to obtain jurisdiction of the defendant in such case, both the affidavit for publication and the publication notice must comply with the provisions of the statute."

Sections 432f and 433a, 68 O.S.1951, have clauses which protect certain rights of insane persons. Section 432f provides, among other things, that "* * * persons under legal disability, shall have one year

after removal of such disability within which to redeem said real estate." Section 433a, dealing specifically with the redemption of land sold for taxes, also provides:

"* * * that infants, idiots, and insane persons may redeem from taxes any real property belonging to them within one year after the expiration of such disability, with interest and penalty at not more than ten per cent per annum * * *."

There is no dispute here of the fact that Katie Willis Kelly was adjudged an incompetent on October 23, 1946, and has been an incompetent and confined in the State Hospital for the Insane at Norman in Cleveland County, Oklahoma.

The above quoted statutes certainly give her the right to ask that the tax lien foreclosure judgment be vacated within one year from the date when her disability is removed, if such occurs. Of course, she may waive such right and proceed through her guardian to have the void decree set aside and make the tender required as the record shows she has done. In Ray v. Williams, Okl., 278 P.2d 550, 551, this rule was announced in the second paragraph of the syllabus as follows:

"A minor or other person under legal disability, owner of real estate at the time it is sold for taxes, may redeem same from tax sale at any time within one year after the expiration of such disability, as provided by law. Such persons cannot be forced to redeem prior to the expiration of the time so given, nor can their right to redeem be cut off or limited."

We find no merit in the claim that the guardian here must attack the judgment after the expiration of two years from the date of the foreclosure sale. It is clear an incompetent may attack a tax lien foreclosure judgment, which is void on the face of the judgment roll at any time within one year after the removal of her disability. She owned the land at the time it was resold for delinquent taxes. She is and has been and now is an incompetent since she was so adjudged in 1946.

The judgment vacating the former foreclosure judgment should be and is hereby affirmed.