Harold P. SWANSON, Plaintiff in Error,

v.

E. E. ZAMRZLA, d/b/a Tank Truck Company, and Mid-Continent Casualty Company, Defendants in Error.

No. 41818.

Supreme Court of Oklahoma.

April 26, 1966.

Shores & Babb, Oklahoma City, for plaintiff in error.

Joe D. Wheeler, Oklahoma City, for defendant in error E. E. Zamrzla, d/b/a Triangle Tank Truck Co.

Howard W. Allred, Tulsa, for defendant in error Mid-Continent Cas. Co.

HODGES, Justice.

This cause is lodged here as an appeal in simplified form authorized by Chapter 464, pp. 908–909 Session Laws of Oklahoma, 1965, Title 12 § 990 O.S.Supp.1965, as implemented by Rules 1–20 of this court. Defendants in error move to dismiss the appeal for the reason that no motion for new trial was filed by plaintiff in error in the trial court.

The judgment was entered in the trial court on December 10, 1965. No motion for new trial was filed by plaintiff in error. He filed notice of appeal on December 20, 1965. He instituted this appeal by the filing of a petition in error on January 10, 1966.

Defendants in error contend that the filing of a motion for new trial is not a prerequisite for the prosecution of an appeal under the provisions of Title 12 § 990, supra, and that such appeal may be prosecuted direct from the "final order or judgment appealed from."

Title 12 § 990, supra, specifically provides that:

"The Supreme Court shall provide by court rules, which will have the force of statute, and be in furtherance of this method of appeal:

"(a) For the filing of cross-appeals;

"(b) The procedure to be followed by the trial courts or tribunals in the preparation and authentication of transcripts and records in cases appealed under this act; and

"(c) The procedure to be followed for the completion and submission of the appeal taken hereunder."

Pursuant to the authority so delegated by the legislature this court adopted Rule 19, which reads:

"Rules applicable. All the rules of this court and all provisions of the law not in conflict with these rules shall apply to appeals in Simplified Form.

"When a problem not covered by the rules of this Court shall arise in a Simplified Appeal, the court in the interest of justice, on motion of a party, or on its own motion, may make an order concerning it, or may refer the matter with directions to the tribunal."

The statutes of this state and the rules and decisions of this court requiring the filing of a motion for new trial as a condition precedent to the prosecution of an appeal to this court in all cases involving contested questions of law and facts are not in conflict with Title 12 § 990, supra, and implementing rules of this court.

The filing of a motion for new trial is a mandatory requirement in the prosecution of appeals to this court from all judgments of the trial court. Stokes v. State, Okl., 410 P.2d 59; Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515; Monsour v. Public Supply Co., Okl., Bar Assoc. Journal, March 26, 1966, Vol. 37 No. 12, p. 648; H.B. 562, S.L.1963 Chap. 239, § 1, p. 326, Title 12 § 651 O.S.Supp.1965.

The basic purpose for requiring the filing of a motion for new trial is to afford the trial court an opportunity to review the correctness of its judgment. No sound reason exists for applying a different rule to appeals prosecuted under the simplified procedure authorized by Title 12 § 990, supra. We therefore hold that the filing of a motion for new trial is a jurisdictional

requirement for the prosecution of an appeal to this court under the provisions of Title 12 § 990, supra. The motion of defendants in error to dismiss the appeal is sustained.

Appeal dismissed.