**Steven Michael WOODS, Appellant,**

v.

**Brenda Kay WOODS, Appellee.**

No. 79015.

Supreme Court of Oklahoma.

May 12, 1992.

**MEMORANDUM OPINION
DISMISSING APPEAL**

SIMMS, Justice.

Appellant husband, plaintiff below, seeks to appeal, *inter alia,* the child custody provisions of a decree of divorce filed in the district court on January 3, 1992. The petition in error was timely mailed by certified mail, however, the envelope containing the petition in error was addressed:

"Court of Appeals

357 Denver N. Davis (sic) Bldg.

1915 N. Stiles Avenue

Oklahoma City, Ok. 73105"

The petition in error was received by the Court of Appeals on February 3rd, the thirtieth day to file the petition in error occurred on February 2, a Sunday, and by statute, the appellant had until the next day, Monday, to properly commence his appeal. 25 O.S.1991, § 82.1.

Appellant's petition in error was forwarded by the Court of Appeals from the Denver Davison Building the Clerk of the Supreme Court at the Capitol Building where it was received and filed by the Clerk on February 4th, 1992, one day late.

Title 12, O.S.1991, § 990A, provides:

"An appeal to the Supreme Court may be commenced by filing a petition in error *with the Clerk of the Supreme Court* within thirty (30) days from the date the final order or judgment is filed. The filing of the petition in error may be accomplished either by delivery or by sending it by certified mail with return receipt requested *to the Clerk of the Supreme Court....*" (E.A.)

Civil Appellate Rule 1.14, 12 O.S.1991, Ch. 15, App. 2, provides that an appeal is commenced by filing the petition in error "with the Clerk of this Court" within the time prescribed by Rule 1.11, i.e., within thirty days from the date the judgment is filed of record with the clerk of the district court.

■ Filing a petition in error with the Clerk by certified mail is accomplished on the date shown by the post mark or other proof of the date of mailing. 12 O.S.1991, § 990A(A). However, this provision presumes the envelope containing the petition in error is properly addressed to the Clerk of the Supreme Court, which was not done here.

Oklahoma's Pleading Code, 12 O.S.1991, § 2004(C)(2)(b) mandates that service of process by mail can only be effected when delivery is restricted to the addressee.

The mailing requirement of § 990A is similar to the "mailbox rule" in contract law. The restatement of Contracts 2nd § 66 reads that "an acceptance sent by mail or otherwise from a distance is not operative when deposited, *unless it is properly addressed....*" (E.A.) The mailbox rule was first articulated in *Adams v. Lindsell.* 106 Eng.Rep. 350 (K.B. 1818).

We therefore conclude that under the "mailbox rule" provisions of § 990A, a petition in error *must* be mailed to the statutory addressee, the Clerk of the Supreme Court, in order to effect a filing of the petition in error on the date of mailing.

The filing of the petition in error within thirty days of the judgment or order appealed is a jurisdictional prerequisite to the commencement of an appeal. 12 O.S.1991, §990A(A), (D); *L'Aquarius v. Maynard,* 634 P.2d 1310 (Okl.1981); *Swanson v. Zamrzla,* 414 P.2d 287 (Okl.1966).

APPEAL DISMISSED.

OPALA, C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

HODGES, V.C.J., and ALMA WILSON and KAUGER, JJ., dissent.