2010 OK 78

**Charles DAVIS, Appellant,**

v.

**MARTIN MARIETTA MATERIALS, INC.;** Meridian Aggregates Company; Venture Drilling Company; and Buckley Powder Company, Appellees.

**No. 108,477.**

Supreme Court of Oklahoma.

Nov. 8, 2010.

## ORDER

¶ 1 Having considered the joint motions of the appellees, Martin Marietta Materials, Inc., Meridian Aggregates Company, Venture Drilling Company, and Buckley Powder Company (collectively, employers), to dismiss the appellant's, Charles Davis's (employee) appeal, along with the employee's response thereto, WE DETERMINE THAT:

1) On March 16, 2010, a journal entry of judgment was entered in the above styled and numbered cause granting the employers' motion to dismiss for failure to state a claim for relief. Rather than filing a post-judgment motion within the ten (10) day period allowed, the employee filed a motion for an extension in the trial court on March 30, 2010, the tenth working day following the filing of the journal entry of judgment. The extension was granted and an order denying the motion to reconsider was entered on June 18, 2010. An appeal was filed within thirty (30) days of the entrance of the order. The employers filed a motion to dismiss the appeal as untimely.

2) Title 12 O.S. Supp.2002 § 990A requires, in mandatory terms, that an appeal **must be** commenced by filing a petition in error within thirty (30) days from the date a judgment, decree or appealable order is filed. It is well settled in Oklahoma jurisprudence that timely filing of the petition in error commencing the appeal is jurisdictional

and failure to file an appeal within the statutory time is fatal, placing the matter beyond this Court's power of review. *Gilbert v. Security Finance Corp. of Oklahoma, Inc.,* 2006 OK 58, ¶ 60, 152 P.3d 165; *Whitehead v. Tulsa Public Schools,* 1998 OK 71, ¶ 5, 968 P.2d 1211; *Stites v. DUIT Constr. Co.,* 1995 OK 69, ¶ 25, 903 P.2d 293; *Woods v. Woods,* 1992 OK 64, 830 P.2d 1372.

3) Absent extraordinary circumstances, pursuant to 12 O.S.2001 § 653(A), motions for reconsideration must be filed not later than ten (10) days after a judgment is filed. Title 12 O.S. Supp. 2007 § 2006(B)(1) and (2) allow a court to exercise discretion in allowing filing periods to be enlarged. Nevertheless, even where excusable neglect is shown for filing the request out of time, **the statute prohibits extending the time set forth for taking an appeal.** Section 990.2(B) of the same title provides that appeal time **is not extended or affected** by the filing of a motion to correct, open, modify, vacate or reconsider the judgment, decree, or final order that is filed more than ten (10) days after the judgment, decree or final order is filed. Rule 1.22(e), Supreme Court Rules, 12 O.S.2001, App. 1 mandates that post-trial motions filed later than ten (10) days after the judgment, decree or final order is filed **shall not delay the running of the time to appeal the judgment.**

4) The statutory scheme accompanied by this Court's own pronouncement through Rule 1.22 specifically address the time for filing an appeal and its jurisdictional nature. The discretionary authority to grant extensions is general in scope. Instructive here is another well-settled canon of law. Where a matter is addressed by two statutes, one specific and the other general, the specific statute governs over the general provision. *Rogers v. Quiktrip Corp.,* 2010 OK 3, ¶ 13, 230 P.3d 853; *Southwestern Bell Tel. Co. v. Oklahoma County,* 1980 OK 97, ¶ 12, 618 P.2d 915; *Independent Sch. Dist. No. 1 v. Board of Cty. Comm'rs,* 1983 OK 123, ¶ 10, 674 P.2d 547.

5) The specific governing provisions direct that a motion of reconsideration filed outside the ten (10) day period following the filing of a judgment will not extend the jurisdictional appeal time for bringing the issues determined in the underlying judgment before this Court. The general discretion to allow extensions will not operate to frustrate the specific mandates.

6) Here, no motion for reconsideration was filed within ten (10) days of the entered judgment; and no timely appeal was filed from the underlying judgment. The appeal, having been filed outside the thirty (30) days allowed for the same, is dismissed. Title 12 O.S. Supp. 2001 § 990A.

7) Under our jurisprudence, the rules of this Court along with the statutory scheme, and today's pronouncement, only those motions to correct, open, modify, vacate or reconsider the judgment, decree, or final order filed within ten (10) working days of such judgment, decree, or final order will operate to extend the time to appeal the same beyond the thirty (30) day jurisdictional limitation. Discretionary motions for enlargement of time granted for filing of such motions beyond the ten (10) day time period do not negate the necessity of appealing the underlying judgment within thirty (30) days of its having been filed.

¶ 2 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal in the above styled and numbered cause, having not been filed within the thirty (30) days allowed for the same, is dismissed.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8TH DAY OF NOVEMBER, 2010.

EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WINCHESTER, COLBERT, REIF, JJ. concur.