OSCN Found Document:VELASCO v. RUIZ

 

 
 

 
 VELASCO v. RUIZ
2019 OK 46
Case Number: 117706
Decided: 06/18/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 46, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CINDY ESQUEDA VELASCO, Petitioner/Appellee,
v.
JAIRO VARGAS RUIZ, Respondent/Appellant.
ON APPEAL FROM THE DISTRICT COURT FOR OKLAHOMA COUNTY
Â¶0 Mother filed a paternity petition seeking a determination of parentage, custody, visitation and child support. Attempts to serve alleged father were fraught with procedural errors. The trial court authorized service by publication; however, mother's publication notice did not comply with the timing requirements outlined in 12 O.S.Supp. 2017 Â§ 2004(C)(3)(c). Finally, after attempting service by publication, mother's counsel filed a motion seeking a default but failed to serve the motion on father's attorney. After the trial court issued a default paternity ruling, father sought to vacate the judgment. Cumulative problems with service of process and notice warranted vacating the judgment but the trial court refused to set it aside. Father filed the instant appeal. We retained the matter and now reverse.
TRIAL COURT'S ORDER DENYING MOTION TO VACATE
DEFAULT JUDGMENT IS REVERSED; MATTER REMANDED TO
THE TRIAL COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION
Aharon Hernandez Manley, Hernandez Manley, Oklahoma City, OK, for Jairo Vargas Ruiz, Appellant
-and-
Richard Parr, Tomerlin, High & High, Oklahoma City, OK, for Jairo Vargas Ruiz, Appellant
Haley V. Potts, The Potts Law Office, PLLC, Oklahoma City, OK, for Jon Christian, Appellee
GURICH, C.J.
Facts & Procedural History
Â¶1 This case originated as a paternity proceeding involving Petitioner Cindy Esqueda Velasco ("Mother") and Respondent Jairo Vargas Ruiz ("Father"). On February 15, 2018, Mother filed a petition against Father seeking an order to establish his legal paternity to two minor children, Y.A.V.E., born February 2015, and Y.V.E., born August 2017. As evidence of parentage, the petition alleged that Father executed an "Acknowledgment of Paternity" for each child and that his name appears on each birth certificate. Her petition further requested sole legal custody over both children, limited visitation rights to Father, and an order requiring monthly payment of child support.
[1]
Â¶2 Mother attempted service of the petition by delivering a copy of the pleadings to three different addresses via certified mail, return receipt for merchandise: one attempted mailing to Calvillo, Mexico and two attempts in Riverside, California. None of the attempts was made by "delivery restricted to the addressee" as required in 12 O.S.Supp. 2011 Â§ 2004(C)(2)(b). Counsel for Father filed a Special Appearance and Motion to Dismiss contesting Oklahoma's jurisdiction to hear the parentage case and challenging the sufficiency of service of process. On May 9, 2018, despite noting the problems with service, the trial court overruled Father's motion to dismiss and adjudicated the issue of Father's parentage.
Â¶3 In response to the court's concerns about the sufficiency of service of process, Mother's attorney filed an affidavit of due diligence and moved for permission to serve Father via publication. The motion was not mailed to Father's attorney. On June 26, 2018, the trial court issued an order authorizing service by publication; nevertheless, the order was not filed until July 6, 2018. Again, nothing in the record indicates this order was delivered to Father's attorney. In the notice, Father was given until August 6, 2018 to file an answer to Mother's petition, otherwise the "petition [would] be taken as true and judgment for [Mother would] be rendered against [Father] according to the prayer of [Mother's] petition." The notice was published for three consecutive weeks in the Journal Record of Oklahoma City.
[2]
Â¶4 When no answer was filed, Mother filed a motion seeking a default judgment on August 14, 2018. The motion was set for hearing on September 19, 2018, but again, was not mailed to opposing counsel. Mother appeared at the hearing and secured a default judgment against Father. The trial judge approved a Decree of Paternity which was filed on September 21, 2018. The Decree concluded subject matter and personal jurisdiction were proper; determined Father's acknowledgment of paternity necessitated a finding of parentage to both children; awarded Mother sole legal custody of the children; suspended Father's visitation until further order; and awarded Mother current and past due child support.
Â¶5 On October 1, 2018, just ten days after the final order was filed, Father entered another special appearance and urged the trial court to vacate the default paternity judgment. Father again argued that service of process was defective. In particular, Father maintained that the publication notice was defective, as it shortened Father's statutorily allotted time to answer. On November 2, 2018 arguments were heard and offers of proof were made on Father's motion to vacate. On December 20, 2018, a journal entry was filed overruling Father's motion to vacate. Father filed a timely appeal of the judgment. We retained the matter, and now reverse the trial court's decision.
Standard of Review
Â¶6 Our role in reviewing a trial court decision either vacating or refusing to vacate a judgment is to assess whether there has been an abuse of discretion. Ferguson Enters. v. H. Webb Enters. Inc., 2000 OK 78, Â¶ 5, 13 P.3d 480, 482. An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. Spencer v. Okla. Gas & Elec. Co., 2007 OK 76, Â¶ 13, 171 P.3d 890, 895. When reviewing a lower court ruling either vacating or refusing to vacate a default judgment, we have consistently recognized that default judgments are disfavored. Ferguson Enters., Â¶ 5, 13 P.3d at 482; see also Midkiff v. Luckey, 1966 OK 49, Â¶ 6, 412 P.2d 175, 176 (quoting the syllabus of State Life Ins. Co. v. Liddell et al., 1936 OK 662, 61 P.2d 1075). Our decisions also distinguish between seeking to vacate a default judgment and urging the court to vacate a judgment when the parties have had at least one opportunity to be heard on the merits. Ferguson Enters., Â¶ 5, 13 P.3d at 482. Judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice. Id.
Analysis
Â¶7 Under the Oklahoma Uniform Parentage Act, the "court shall issue an order adjudicating the paternity of a man who: 1. [a]fter service of process is in default; and 2. [i]s found by the court to be the father of the child." 10 O.S.Supp. 2006 Â§ 7700-634. As such, the court had authority to order default judgment, only if service of process was proper. In the present case, the Decree of Paternity purports to have been entered by default because "[Father] failed to appear after being properly served on February 20, 2018." However, this language in the Decree of Paternity is inconsistent with the record; issues with service by certified mail are the reason Mother requested authorization to perform service via publication. Mother never properly accomplished service in any manner as outlined by Section 2004. Accordingly, it was an abuse of discretion by the trial judge in refusing to vacate the default judgment under the circumstances presented.
Â¶8 The rules for proper service are delineated in 12 O.S.Supp. 2017 Â§ 2004. Service by mail shall be made by "certified mail, return receipt requested and delivery restricted to the addressee." 12 O.S.Supp. 2017 Â§ 2004(C)(2)(b) (emphasis added). Additionally, service by mail should not be "the basis for an entry of a default or a judgment by default unless the record contains a return receipt showing acceptance [or refusal] by the defendant . . .." 12 O.S.Supp. 2017 Â§ 2004(C)(2)(c). If "the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person" then any "judgment by default shall be set aside upon motion of the defendant" within thirty days of such judgment. Id.
Â¶9 Mother's attempts to serve Father by mail failed to meet the standard outlined in 12 O.S.Supp. 2017 Â§ 2004(C)(2), which provides service "shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."[3] Our cases make clear that the Legislature's use of the word shall is considered mandatory. Okla. Pub. Emps. Ass'n v. State ex rel. Okla. Office of Pers. Mgmt., 2011 OK 68, Â¶ 13 n. 18, 267 P.3d 838, 845. Accordingly, in order to properly serve Father, Mother was responsible for sending a copy of the summons and petition by certified mail with delivery restricted to the addressee. See Woods v. Woods, 1992 OK 64, Â¶ 5, 830 P.2d 1372, 1374 ("Oklahoma's Pleading Code, 12 O.S.1991 2004(C)(2)(b) mandates that service of process can only be effected when delivery is restricted to the addressee.").[4]
Â¶10 Although Mother sent each of the mailings by certified mail and requested a return receipt, she did not select "restricted delivery" as required by Section 2004(C)(2)(b). Moreover, Father denies signing for any of the three defective attempted deliveries. Because Mother's counsel failed to comply with the statutory requirements for service by mail, the record demonstrates insufficient service of process on Father. The trial court highlighted this very problem in its order denying Father's motion to dismiss, noting "service may still be an issue."
[5]
Â¶11 After recognizing the apparent defects in Mother's attempted service of process by mail, the trial court authorized service by publication. Service by publication may be made if the plaintiff's attorney files a separate affidavit with the court stating "that with due diligence service cannot be made upon the defendant by any other method." 12 O.S.Supp. 2017 Â§ 2004(C)(3)(a). In other words, the very act of seeking permission to serve a party by publication requires an acknowledgment that diligent efforts to obtain service by other means have failed. In re Turkey Creek Conservancy Dist., 2008 OK 8, Â¶ 20, 177 P.3d 558, 563 (quoting Bomford v. Socony Mobil Oil Co., 1968 OK 43, Â¶ 12, 440 P.2d 713, 718). Service by publication "shall be made by publication of a notice, signed by the court clerk, one (1) day a week for three (3) consecutive weeks in a newspaper authorized by law to publish legal notices which is published in the county where the petition is filed." 12 O.S.Supp. 2017 Â§ 2004(C)(3)(c). The statute also requires the notice to:
state that the named defendant[ ]. . . [has] been sued and must answer the petition on or before a time to be stated (which shall not be less than forty-one (41) days from the date of the first publication), or judgment, the nature of which shall be stated, will be rendered accordingly. (emphasis added).
Id. Accordingly, Mother was responsible for providing sufficient notice by publication and allowing Father at least forty-one days from the date of the first publication to answer her petition. This did not occur.
Â¶12 After obtaining an order allowing service by publication, Mother's notice was published in an Oklahoma City legal newspaper on July 9, July 16, and July 23, 2018. The notice stated that Father "must answer Plaintiff's petition filed herein on or before the 6th day of August, 2018, or said petition will be taken as true and judgment for said Plaintiff will be entered against [Father] according to prayer of Plaintiff's petition."
[6] (emphasis added). The August 6 deadline was only twenty-eight days from the date of the first publication and Mother's subsequent Motion for Default Judgment based on Father's failure to answer was filed only thirty-six days after the date of the first publication. The answer deadline should have been set no sooner than August 19, 2018. "This is a plain violation of this statute, which provides that the time stated in the publication notice for the defendant to answer shall not be less than 41 days from the date of its first publication. This length of time is a matter of right...." Aggers v. Bridges, 1912 OK 156, 122 P. 170, 171, overruled in part by Spears v. Preble, 1983 OK 8, 661 P.2d 1337 (overruling the holding in Aggers to the extent it prevented a trial court from correcting a mistake in process where doing so would not change the nature of the transaction or occurrence which is the subject of the claim or defense). The violation of such a substantial right undermines jurisdiction and is a reversible error. Aggers, 1912 OK 156, 122 P. 107, 171 ; see also Zipperle v. Smith, 1956 OK 303, Â¶ 19, 304 P.2d 310, 313 ("In Davis v. Rowland, 206 Okl. 257, 242 P.2d 716,717, it is said in the third paragraph of the syllabus: 'Where jurisdiction of the defendant in an action is sought to be obtained by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and, in order to obtain jurisdiction of the defendant in such case, both the affidavit for publication and the publication notice must comply with the provisions of the statute.'").
Â¶13 Further, Mother did not provide Father's counsel with copies of the pleadings pertaining to service by publication. Even more troubling is the failure to provide Father's attorney with notice of the motion seeking judgment by default.
[7]
Â¶14 If "the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person" then any "judgment by default shall be set aside upon motion of the defendant" within thirty days of such judgment. Id. When this Court reviews an order refusing to vacate a default judgment, we consider the following factors:
1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not.
Ferguson, 2000 OK 78, Â¶ 5, 13 P.3d 480, 482. We also consider "whether substantial hardship would result from granting or refusing to grant the motion to vacate." Id.
Â¶15 Considering the multitude of legal errors, weighing public policy and other equitable factors, we find it was error to deny Father's timely Motion to Vacate Default Judgment. Further, no substantial hardship would have resulted from granting Father's motion to vacate.
Conclusion
Â¶16 The trial court's denial of Father's motion to vacate the default judgment constituted an abuse of discretion. Accordingly, we reverse the order denying Father's motion to vacate the default judgment, and the matter is remanded to the trial court to proceed in a manner consistent with this opinion.
TRIAL COURT'S ORDER DENYING MOTION TO VACATE
DEFAULT JUDGMENT IS REVERSED; MATTER REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION
Â¶17 Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs, JJ., concur. 
FOOTNOTES
[1] Mother acknowledged that the Oklahoma Department of Human Services was entitled to notice as a necessary party, due to Mother's receipt of state financial assistance. See 43 O.S.Supp. 2011 Â§ 112(F). However, the notice to OKDHS was sent via facsimile. Section 112(F) requires service "according to Section 2004 of Title 12 of the Oklahoma Statutes." However, counsel for OKDHS signed the September 21, 2018, Decree of Paternity, thereby curing any defect in the notice.
[2] Notice was published on July 9, 2018, July 16, 2018, and July 23, 2018. Publisher's Affidavit filed July 24, 2018, O.R. at 41.
[3] 12 O.S.Supp. 2017 Â§ 2004(C)(2) reads:
2. SERVICE BY MAIL.
a. At the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection, or by the court clerk upon a defendant of any class referred to in division (1), (3) or (5) of subparagraph c of paragraph 1 of this subsection. Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant.
b. Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee. When there is more than one defendant, the summons and a copy of the petition or order shall be mailed in a separate envelope to each defendant. If the summons is to be served by mail by the court clerk, the court clerk shall enclose the summons and a copy of the petition or order of the court to be served in an envelope, prepared by the plaintiff, addressed to the defendant, or to the resident service agent if one has been appointed. The court clerk shall prepay the postage and mail the envelope to the defendant, or service agent, by certified mail, return receipt requested and delivery restricted to the addressee. The return receipt shall be prepared by the plaintiff. Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted delivery, to the addressee.

c. Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant. Acceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed. In the case of an entity described in division (3) of subparagraph c of paragraph 1 of this subsection, acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail. In the case of a state municipal corporation, or other governmental organization thereof subject to suit, acceptance or refusal by an employee of the office of the officials specified in division (5) of subparagraph c of paragraph 1 of this subsection who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. If delivery of the process is refused, upon the receipt of notice of such refusal and at least ten (10) days before applying for entry of default, the person elected by plaintiff pursuant to subparagraph a of this paragraph to serve the process shall mail to the defendant by first-class mail a copy of the summons and petition and a notice prepared by the plaintiff that despite such refusal the case will proceed and that judgment by default will be rendered against him unless he appears to defend the suit. Any default or judgment by default shall be set aside upon motion of the defendant in the manner prescribed in Section 1031.1 of this title, or upon petition of the defendant in the manner prescribed in Section 1033 of this title if the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person. A petition shall be filed within one (1) year after the defendant has notice of the default or judgment by default but in no event more than two (2) years after the filing of the judgment.
[4] See also Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 802 (10th Cir. 2008) (finding service to be invalid and not in substantial compliance with 12 O.S. Â§ 2004(C)(2) when plaintiff failed to obtain restricted delivery to an authorized person.).
[5] Journal Entry Respondent's Application to Dismiss, O.R. at 30.
[6] Publisher's Affidavit, O.R. at 41.
[7] "In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default." Okla.Dist.Ct. Rule 10. "Rule 10's requirement for filing a motion and giving notice is applicable any time a party appears before a court, whether by filing a document or physically participating in a hearing." Schweigert v. Schweigert, 2015 OK 20, Â¶ 15, 348 P.3d 696, 701 (emphasis added). Failing to give notice as required by Rule 10 is an irregularity in the proceedings that affects the aggrieved party's substantial rights and is cause for vacating the district court's default judgment. Id. Â¶ 8, 348 P.3d at 699. This notice requirement equally applies when counsel has first appeared through a special appearance. See Vaillencourt v. Vaillencourt (1979) 93 Mich App 344, 287 NW2d 230 ( "one who 'appears', be it a 'special appearance' or a 'general' one, is required to have notice . . . before the taking of a default judgment. It is immaterial that a defendant entitled his original pleading a 'special appearance'; only the generic term' appearance' retains signficiance.").