OSCN Found Document:IN THE MATTER OF M.R.P., PHILLIPS v. HAMPTON, et. al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF M.R.P., PHILLIPS v. HAMPTON, et. al.
2025 OK CIV APP 30
Case Number: 122283
Decided: 07/11/2025
Mandate Issued: 08/13/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2025 OK CIV APP 30, __ P.3d __

 

IN THE MATTER OF THE ADOPTION OF M.R.P., A MINOR CHILD:
MICHAEL PHILLIPS, Respondent/Appellant,
vs.
CHRISTOPHER HAMPTON and DANIELLE HAMPTON, Petitioners/Appellees.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE KURT G. GLASSCO, JUDGE

REVERSED AND REMANDED
WITH INSTRUCTIONS

Michael Phillips,Tulsa, Oklahoma, Pro Se,

Renee´ L. Waisner, WAISNER LAW, PLLC, Sapulpa, Oklahoma, For Petitioners/Appellees.

E. BAY MITCHELL, III, JUDGE:

¶1 Respondent/Appellant Michael Phillips (Phillips) is the putative father of M.R.P., a minor child born on August 3, 2023. Phillips executed an extrajudicial consent the day after M.R.P.'s birth waiving any legal interest or rights to the child and consenting to her adoption. Soon after, but outside of the fifteen-day window allowed by statute, Phillips sought to withdraw his extrajudicial consent, claiming he signed under duress. It also came to light that the form Phillips executed did not include the statutorily-required statement that Phillips was represented by counsel or had waived the right to counsel. After a hearing, the court denied Phillips' motion. It made no findings as to Phillips' claim that he signed under duress, but the court found the form Phillips executed was in substantial compliance with the statute because he had knowledge an attorney had been retained for him but chose not to consult with the lawyer. We find the court erred as a matter of law. "Where performance of statutory requirements is mandatory, there can be no 'substantial compliance' except in accordance with the particular provision." Barnes v. Transok Pipeline Co., 1976 OK 27549 P.2d 819

¶2 This appeal springs from an adoption proceeding filed by Petitioners/Appellees Christopher and Danielle Hampton (the Hamptons). Their petition alleged that M.R.P.'s biological mother had agreed to appear before the court to execute a consent to M.R.P.'s adoption. The petition also alleged that biological father Phillips had signed an extrajudicial consent to M.R.P.'s adoption at the hospital on August 4, 2023. The statutory authority providing for extrajudicial consent is 10 O.S. 2021 §7503-2.6

A. 1. A putative father at least sixteen (16) years of age, of a minor born out of wedlock who is not an Indian child, as defined by the Oklahoma Indian Child Welfare Act, may execute an extrajudicial consent before a notary public in which the putative father waives any legal interest in the minor, disclaims any legal rights with respect to the minor, and consents to the adoption of the minor. An extrajudicial consent may be executed by a putative father before or after the birth of the minor.

. . .

B. The extrajudicial consent shall contain:

. . .

4. A statement that the putative father is executing the document voluntarily and is unequivocally consenting to the adoption of the minor, and that the putative father understands that the consent is final, and except for fraud or duress or the other grounds set forth in Section 7503-2.7 of this title, may not be revoked for any reason more than fifteen (15) days after execution of the document; [and]

5. A statement that the putative father executing consent is represented by counsel or has waived the right to counsel[.]

Id.

¶3 However, on August 28, Phillips filed a handwritten objection which stated, in part, as follows:

I, Michael Phillips, the birth father of [M.R.P.], wish to contest the adoption of my daughter, due to the belief that I signed under duress, and my rights were violated . . . I was completely unaware of the adoption agreement between the mother and adoptive parents . . . I believe this was intentionally done to ensure I would not be prepared and protected by an attorney to ensure my rights weren't violated and I wasn't taken advantage of.

Phillips alleged he left the hospital after M.R.P.'s birth to show his mother photos of the baby, and when he came back, he was confronted by a friend of M.R.P.'s mother who had previously adopted two of the mother's other children (not fathered by Phillips). Phillips said this is when he learned an adoption plan had been in the works for some time. He said he was told that he needed to sign a consent form or else the baby was going to be taken and that he had no shot at getting custody because the baby had tested positive for methamphetamine and the mother had already consented to the adoption. Phillips said he repeatedly expressed that he did not feel comfortable signing anything without legal aid and advice from his family. He said he was eventually given the night to decide. Phillips stated that the next morning, he was awoken by the adoptive family and an attorney. He said that after a few hours of repeatedly stating, "I don't feel comfortable with this, [and] I want my baby," he signed the form.

¶4 Phillips noted that he was aware he had fifteen days to withdraw his consent for any reason and that he intended to do so, so he began taking necessary steps such as obtaining an I.D. But Phillips apparently had an outstanding bench warrant arising out of a misdemeanor in Tulsa County and was arrested on August 11, 2023. He was detained until his case was dismissed on August 24, causing him to miss the fifteen-day deadline to withdraw his consent for any reason. After his initial handwritten objection on August 28, Phillips filed a supplemental motion to revoke his consent on September 7, 2023. In both filings, Phillips noted that his attempts to contact the relevant parties had not been successful and that he was not receiving information concerning the status of the adoption.

¶5 The court appointed counsel for Phillips on October 13. His court-appointed attorney filed a motion to vacate the extrajudicial consent on October 25. The attorney argued that an extrajudicial consent "shall contain" specific language. See §7503-2.6. Counsel noted that the extrajudicial consent Phillips executed included no language advising that Father was represented by counsel or had waived that right. Counsel claimed that failure to include the required statutory language meant there had not been a valid and effective extrajudicial consent, and he asked the court to vacate the extrajudicial consent attached to the Hamptons' petition for adoption. 

¶6 The court held a hearing and entered an order denying Phillips' request to withdraw the extrajudicial consent on June 5, 2024. In pertinent part, the court's order states as follows:

2. That the request to revoke or withdraw the Extra Judicial Consent was not made within the allotted time allowed pursuant to [10 O.S. §7503-2.6

3. That while the statement "that the putative father executing consent is represented by counsel or has waived the right to counsel" is not contained in the Consent document, the putative father had the benefit of retained counsel, free to him, that he chose not to consult.

4. That the putative father had knowledge of attorney retained for him and with that knowledge did not take advantage of the attorney.

5. That there exists substantial compliance with [10 O.S. §7503-2.6

Representing himself pro se, Phillips appeals.

¶7 The question in this case is whether the court abused its discretion by determining the extrajudicial consent Phillips executed substantially complied with 10 O.S. 2021 §7503-2.6shall contain . . . [a] statement that the putative father executing consent is represented by counsel or has waived the right to counsel[.]" Id., §7503-2.6(B)(5) (emphasis added). The Hamptons argue legislative intent controls and the purpose of §7503-2.6(B) is to protect parents. The Hamptons contend they went above §7503-2.6's requirements by actually retaining counsel for Phillips, and he simply chose not to take advantage of that opportunity. Therefore, according to the Hamptons, the court followed the Legislature's intent when it determined there had been substantial compliance with the statute and that failure to include the required language was of no consequence.

¶8 The Hamptons are correct that legislative intent controls. McIntosh v. Watkins, 2019 OK 6441 P.3d 1094

¶9 "Our cases make clear that the Legislature's use of the word shall is considered mandatory." Velasco v. Ruiz, 2019 OK 46457 P.3d 1014

It is the duty of a court a court to give effect to legislative acts, not to amend, repeal or circumvent them, and a court is not justified in ignoring the plain words of a statute. Neither the Supreme Court nor a district court may expand the plain wording of a statute by construction where the legislature has expressed its intention in the statute as enacted.

Toxic Waste Impact Group, Inc. v. Leavitt, 1988 OK 20755 P.2d 626Matter of Adoption of L.B.L., 2023 OK 48529 P.3d 17510 O.S. §7505-4.1See In re Adoption of C.D.M., 2001 OK 10339 P.3d 802

¶10 "Oklahoma adoption procedure is wholly within the control of the legislature, and the Court cannot broaden the requirements to obtain an adoption beyond [those] set by the Legislature." Matter of Adoption of S.A.H., 2022 OK 10503 P.3d 1190some instances of statutory application if it is shown that the purpose of the statute has been served. See Barnes, 1976 OK 27Id.

¶11 The court erred as a matter of law by expanding §7503-2.6 beyond its plain terms. Accordingly, it abused its discretion by denying Phillips' motion to withdraw his extrajudicial consent. We reverse and remand with instructions to vacate the court's order denying Phillips' motion and to enter an order finding that the extrajudicial consent attached to the Hamptons' petition is invalid as a matter of law.

¶12 REVERSED AND REMANDED WITH INSTRUCTIONS.

DOWNING, P.J., and BELL, C.J., concur.

FOOTNOTES

See 10 O.S. 2021 §7503-2.6

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105